COMMONWEALTH of Pennsylvania, Appellee

v.

Eli Garrett BROUGHER, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 23, 2009.

Filed July 13, 2009.

Barbara L. Wevodau, New Bloomfield, for appellant.

Daniel W. Stern, Asst. Dist. Atty., New Bloomfield, for the Com., appellee.

BEFORE: PANELLA, SHOGAN and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Appellant, Eli Garrett Brougher, appeals from the judgment of sentence entered in the Perry County Court of Common Pleas. The issue presented on appeal is whether an unloaded toy pistol, designed to shoot small plastic pellets, constitutes a deadly weapon for purposes of the deadly weapons enhancement. We affirm.

¶ 2 On September 20, 2007, Appellant, then seventeen years of age, entered a Uni–Mart in New Bloomfield, Perry County wearing a Halloween mask with a black pointed hood. He approached a clerk displaying what appeared to be a handgun, pointed the weapon at the clerk's face, and demanded that she open the cash register. Appellant then reached over the counter, took $269 and fled from the store on foot. It was later determined that the weapon used during the course of the robbery was an air-soft pistol, which looks like a real pistol, but shoots small plastic pellets by either spring or air action similar to a BB gun. (N.T. Plea, 3/20/08, at 4).

¶ 3 Appellant pleaded guilty to robbery with the threat of immediate serious injury.[1] On May 1, 2008, Appellant was sentenced to five to ten years' imprisonment for robbery while in possession of a firearm pursuant to the deadly weapons enhancement, 204 Pa.Code § 303.10, and was ordered to pay restitution to the store in the amount of $269. (N.T. Sentencing, 5/1/08, at 9). The trial court denied Appellant's motion to modify sentence. On May 28, 2008, Appellant filed a timely notice of appeal and timely complied with the court's order to file a statement of errors complained of on appeal.

¶ 4 Appellant's sole claim on appeal is that the sentencing court erred in applying the deadly weapons enhancement. Appellant argues that the instrument used in the robbery was a toy, and that the Commonwealth failed to offer any evidence at sentencing to indicate that the toy was loaded and had the potential to discharge. Thus, he claims that it was not capable of producing serious bodily injury to the clerk, and that it was not a deadly weapon for purposes of the deadly weapons enhancement.[2] We disagree.

¶ 5 Preliminarily, we note that Appellant has substantially failed to comply with the requirements of Pa.R.A.P. 2111. Specifically, Appellant has failed to include with his brief a statement of jurisdiction, an order or other determination in question, a statement of the scope of review and the standard of review, a summary of argument, the opinion of the trial court, the transcripts of the guilty plea and sentencing hearing, or a copy of the statement of errors complained of on appeal. Nevertheless, our review is not impeded because Appellant has identified the applicability of the deadly weapons enhancement as the issue presented.

¶ 6 Additionally, claims relating to the discretionary aspects of a sentence are waived if an appellant does not include a Pa.R.A.P. 2119(f) statement in his brief and the opposing party objects to the statement's absence.[3] *Commonwealth v. Foster*, 960 A.2d 160, 163 (Pa.Super.2008), *appeal granted*, (Pa. 2009). Appellant has failed to comply with the requirement of 2119(f); however, the Commonwealth did not object to the statement's absence. Therefore, we will not find it waived. *See id.*

¶ 7 Although Appellant's claim is not waived for failure to comply with Rules 2111 or 2119(f), we are constrained to find waiver for his failure to sufficiently develop his issue pursuant to Pa.R.A.P. 2119(a)-(b). As a general rule, an appellant "shall have at the head of each part [of his argument]—in distinctive type or in type

---

1. 18 Pa.C.S.A. § 3701(a)(1)(ii).

2. *See* 204 Pa.Code § 303.10; *see also* 18 Pa. C.S.A. § 2301 (definition of deadly weapon).

3. *See Commonwealth v. Diamond*, 945 A.2d 252, 259 (Pa.Super.2008), *appeal denied*, 598 Pa. 755, 955 A.2d 356 (2008) (holding courts have discretion to apply deadly weapons enhancement at sentencing).

distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "Citations of authorities must set forth the principle for which they are cited.... Quotations from authorities or statutes shall also set forth the pages from which they are taken." Pa.R.A.P. 2119(b); *see also Commonwealth v. Love,* 896 A.2d 1276, 1287 (Pa.Super.2006) ("Arguments not appropriately developed are waived."). Here, Appellant failed to state at the beginning of his argument the particular point treated therein. Additionally, Appellant does not support any of his claims with pertinent case law. Appellant cites to only one case, without providing a pinpoint reference:

> In [sic] *Commonwealth v. Chapman,* [365 Pa.Super. 10,] 528 A.2[d] 99[0] ([Pa.Super.] 1987), held that "while there is no requirement that the victim actually be immediate danger [sic] of serious injury, the device or instrumentality must be used in a manner, that could cause serious bodily injury." In the instant case, the Commonwealth offered no facts at sentencing that the toy was loaded and was capable of producing serious bodily injury.

(Appellant's Brief, at 5). Although *Chapman* uses similar language, the quotation from Appellant's brief does not appear anywhere in that case. Rather, *Chapman* provides:

> The definition [of a "deadly weapon"] clearly states the device or instrumentality must be "calculated or likely to produce death or serious bodily injury;" there is no requirement in the definition that the victim actually be in immediate danger of serious bodily injury.

*Chapman, supra* at 991 (quoting 18 Pa. C.S.A. § 2301). Because Appellant did not properly form the heading of his argument or cite to relevant authority, his claim is waived. *See* Pa.R.A.P. 2119(a)-(b).

¶ 8 Moreover, even if the issue were not waived, no relief would be due.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion.... [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless "the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.... An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous."

*Diamond, supra* at 258 (citation omitted).

> [A] sentencing court is not obligated to sentence within the sentencing guidelines[;] ... however, this Court has repeatedly instructed that the sentencing court must correctly apply the sentencing guidelines to reach the correct point of departure, before exercising its discretion to depart from the guidelines in any particular case.

> These rules apply to the deadly weapons enhancement. [Although] "[t]he trial court lacks the discretion to refuse to apply the deadly weapon sentencing enhancement[,][t]he court's discretion comes into play when it is time to impose a sentence, once the court determines the adjusted sentencing guideline range."

*Id.* at 259 (citation omitted).

¶ 9 In Pennsylvania, a person is guilty of robbery in the first degree if, in the course of committing a theft he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury; [or]

(iii) commits or threatens immediately to commit any felony of the first or second degree[.]

18 Pa.C.S.A. § 3701(a)(1)(i)-(iii). Under the sentencing guidelines,

[w]hen the court determines that the offender possessed a deadly weapon during the commission of the current conviction offense, the court shall consider the [deadly weapon enhancement]/Possessed Matrix (§ 303.17). An offender has possessed a deadly weapon if any of the following were on the offender's person or within his immediate physical control:

(i) Any firearm, (as defined in 42 Pa. C.S.[A.] § 9712) whether loaded or unloaded, or

(ii) Any dangerous weapon (as defined in 18 Pa.C.S.[A.] § 913), or

(iii) Any device, implement, or instrumentality designed as a weapon or capable of producing death or serious bodily injury where the court determines that the defendant intended to use the weapon to threaten or injure another individual.

204 Pa.Code § 303.10(a)(1)(i)-(iii).

■■■ ¶ 10 The sentencing code requires a mandatory minimum sentence be imposed on anyone convicted of a violent crime who visibly possessed a firearm, or firearm replica, during the commission of the crime.

Generally, a challenge to the application of a mandatory minimum sentence is a non-waiveable challenge to the legality of the sentence. Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. Our standard of review over such questions is *de novo* and our scope of review is plenary.

*Diamond, supra* at 256 (citations omitted). The mandatory minimum sentence statute holds that

any person who is convicted in any court of this Commonwealth of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses), shall, if the person visibly possessed a firearm **or a replica of a firearm,** whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S.A. § 9712(a) (emphasis added). Robbery, as defined in 18 Pa.C.S.A. § 3701(a)(1)(i), (ii), or (iii), is considered a crime of violence. *See* 42 Pa.C.S.A. § 9714(g). A firearm includes any weapon that "will or is designed to or may readily be converted to expel a projectile by the action of an explosive or the expansion of gas therein." 42 Pa.C.S.A. § 9712(e). A firearm replica is "[a]n item that can reasonably be perceived to be a firearm." *Id.*

■■■ ¶ 11 "If the court determines that [section] 9712 applies, it shall sentence [the defendant] accordingly, under [sections] 9712 and 204 Pa.Code § 303.9(h)." *Diamond, supra* at 260. When the maximum sentence under the deadly weapons enhancement is greater than the mandatory minimum, the court has discretion to apply the deadly weapons enhancement. *Id.* However, "the court has no authority to impose a sentence less than that required by a mandatory minimum provision established in statute. When the guideline range is lower than that required by a

mandatory sentencing statute, the mandatory minimum requirement supersedes the sentence recommendation." *Id.* at n. 10 (quoting 204 Pa.Code § 303.9(h)).

¶ 12 First, we note that Appellant was charged with robbery with the threat of immediate serious injury under section 3701(a)(1)(ii), not, as Appellant indicates, for inflicting serious bodily injury upon another under section 3701(a)(1)(i). (*See* Appellant's Brief, at 4); (Docket, at 2). There is no requirement under section 3701(a)(1)(ii) that the victim actually be in danger of serious bodily injury. Rather, the statute explicitly states that a person is guilty of robbery in the first degree if he "threatens another with or intentionally puts him in fear of immediate serious bodily injury." 18 Pa.C.S.A. § 3701(a)(1)(ii). Here, Appellant pointed an air-soft pistol that looked like a real firearm at the clerk's face during the course of a robbery. (N.T. Plea, 3/20/08, at 5); (N.T. Sentencing, at 6). Thus, his use of the pistol placed the clerk in reasonable fear of death or serious bodily injury.

¶ 13 Although Appellant now argues that the deadly weapons enhancement should not have applied, he indicated at the guilty plea hearing that it was applicable.

> [Appellant's Counsel]: We're talking— we had run the guidelines with deadly weapon enhanced. I can tell you what it is, your Honor. Standard range was 22 to 36 with no weapon enhancement. It went from 31 to 55 with a weapon enhancement.... [Appellant] understands that the deadly weapon enhancement is jacking it up from the 22 to 36 up until a much, much higher range.... [The Court]: Do you understand [the maximum sentence] can be up to 20 years? ... [Appellant]: Yes, your honor.

(N.T. Plea, at 5–6). Additionally, Appellant, through counsel, stated at sentencing that "[he] understands that the Court may use that deadly weapons enhancement and the consequences, and he's prepared for that." (N.T. Sentencing, at 9). Therefore, the record supports the trial court's finding that the deadly weapons enhancement was properly applied.

¶ 14 Furthermore, irrespective of Appellant's counsel's admission that the deadly weapons enhancement should be applied, the deadly weapons enhancement was appropriate in the instant case. Appellant relies on *Chapman* to support his claim that the deadly weapons enhancement should not apply because the weapon was a toy, incapable of putting the clerk in actual physical danger. *Chapman* applied the then effective statutory deadly weapons enhancement, 204 Pa.Code § 303.4,[4] which required that the device be designed as a weapon, or that it be used in a manner that is likely to produce serious bodily injury:

> When the court determines that the defendant or an accomplice possessed a deadly weapon, as defined in 18 Pa. C.S.[A.] § 2301 (relating to definitions), during the commission of the current conviction offense; at least 12 months and up to 24 months confinement shall be added to the guidelines sentence range which would otherwise have been applicable.

204 Pa.Code § 303.4(a). A deadly weapon is defined in section 2301 as:

> [a]ny firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to be used,

---

4. 204 Pa.Code § 303.4 was replaced by 204 Pa.Code § 303.10.

is calculated or likely to produce death or serious bodily injury.

18 Pa.C.S.A. § 2301. Since *Chapman*, the deadly weapons enhancement has been modified, and now defines deadly weapon differently than section 2301. Unlike section 2301, the current deadly weapons enhancement merely requires a "device ... capable of producing death or serious bodily injury where the court determines that the defendant intended to use the weapon to threaten or injure another individual." 204 Pa.Code § 303.10(a)(1)(iii). Here, Appellant used an air-soft pistol designed to shoot plastic pellets to threaten a store clerk. Because the pistol was pointed in the clerk's face, it was capable of causing serious bodily injury or death.[5] It is irrelevant whether the air-soft pistol was designed as a weapon or a toy. Moreover, it is irrelevant whether the air-soft pistol was loaded at the time of the robbery. We base this conclusion on an interpretation of the entire text of 204 Pa.Code 303.10(a), which includes as a deadly weapon "[a]ny firearm, [ ] **whether loaded or unloaded**[.]"[6] 42 Pa.C.S.A. § 9712(a)(1)(i) (emphasis added). Therefore, the trial court properly applied the deadly weapons enhancement.

¶ 15 Finally, we note that Appellant's sentence was mandated by 42 Pa.C.S.A. § 9712.[7] Section 9712(a) imposes a minimum sentence of five years' imprisonment for anyone who visibly possesses a firearm or firearm replica during the commission of a violent crime. *See* 42 Pa.C.S.A. § 9712(a). Application of the mandatory minimum sentence merely requires that the weapon used during a violent crime be a firearm replica, regardless of whether the replica is loaded or functional. *See* 42 Pa.C.S.A. § 9712(a). The air-soft pistol used by Appellant triggered application of the mandatory minimum sentence because it appeared to be a real firearm and was used during the commission of a first degree felony robbery.[8] "But for the piece of electrical tape wrapped around it, it would appear to be a handgun that would be carried by a police officer or a military personnel." (N.T. Sentencing, at 7). Additionally, the weapon lacked an orange indicator on the tip to show that it was not a real firearm. (*Id.* at 6). Because the air-soft pistol satisfies the definition of a firearm replica under section 9712(e) the mandatory minimum should have been applied.

¶ 16 Appellant's sentence of five years' imprisonment under the deadly weapons enhancement was equal to the minimum sentence mandated by 42 Pa.C.S.A. § 9712(a). The trial court could have imposed a much longer sentence of twenty years' imprisonment under the deadly weapons enhancement, but it had no discretion to sentence Appellant to less than

---

**5.** *See Commonwealth v. Ramos*, 920 A.2d 1253, 1260 (Pa.Super.2007), *appeal denied*, 594 Pa. 678, 932 A.2d 1288 (2007) (holding pneumatic or carbon dioxide powered BB gun is deadly weapon because it is capable of producing death or serious injury).

**6.** *See Commonwealth v. Raybuck*, 915 A.2d 125, 129 (Pa.Super.2006) (interpreting section 303.10(a)(1) in its entirety to conclude that use of mouse poison, whether or not it was used in amount capable of causing death or serious bodily injury, required application of deadly weapons enhancement).

**7.** The trial court indicates that it had considered the mandatory minimum, "[a]ccording to 42 Pa.C.S.[A.] § 972(1)," [sic] but it sentenced Appellant under the deadly weapons enhancement, 204 Pa.Code § 303.10. (Final Memorandum, 8/25/08, at 1).

**8.** 42 Pa.C.S.A. § 9714(g) includes robbery, as defined by 18 Pa.C.S.A. § 3701(a)(1)(i), (ii), (iii), as a violent crime.

the mandatory five years' imprisonment required by section 9712. *See* 204 Pa. Code § 303.9(h); (N.T. Plea, at 6). Therefore, even had the trial court not applied the deadly weapons enhancement, Appellant's sentence could not have been reduced. Accordingly, in light of the above conclusions, we affirm the judgment of sentence.

¶ 17 Judgment of sentence affirmed.

¶ 18 SHOGAN, J. concurs in the result.