J-S56021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KYLE W. SHAFFER | |
| Appellant | No. 72 MDA 2014 |

Appeal from the Judgment of Sentence of December 17, 2013
In the Court of Common Pleas of Columbia County
Criminal Division at No.: CP-19-CR-0000443-2012

BEFORE: PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED SEPTEMBER 23, 2014**

Kyle Shaffer appeals the December 17, 2013 judgment of sentence. We affirm.

On December 17, 2011 Shaffer's pickup truck was involved in an early morning one-vehicle accident that resulted in the death of Shaffer's passenger, Russell Hack. As the alleged driver of the vehicle, Shaffer was charged with driving under the influence ("DUI"),[1] homicide by vehicle,[2] homicide by vehicle while DUI,[3] and various summary offenses.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(b).

[2] 75 Pa.C.S. § 3732.

[3] 75 Pa.C.S. § 3735.

Prior to trial, Shaffer filed a motion *in limine* seeking to prohibit the Commonwealth from introducing forty-nine graphic photographs that were taken after the truck was removed from the original location of the accident. During the accident, Shaffer, while driving at a high rate of speed, failed to negotiate a turn in a road. The truck went over an embankment, and came to rest on its roof. The truck was towed up a hill before being flipped over onto its tires. This was done while the deceased victim was still inside of the vehicle. Shaffer contended that, because moving the truck altered the position of the victim's body, the photographs no longer held any relevance to the issue of guilt, which rendered the photographs overly prejudicial. On November 5, 2013, the trial court held a hearing on Shaffer's motion. At the conclusion of the hearing, the trial court denied the motion.

On the same day, the parties and the trial court began jury selection. During selection, one prospective juror expressed her discomfort with observing graphic photographs:

> I don't know how graphic the pictures get but I'm one that can faint very easily. I can serve. I'd like if I needed a glass of water or something like that, I have no problem. . . . I just want you to be aware that I might need something like that.

Notes of Testimony ("N.T."), 11/5/2013, at 18. Despite her reservations, she was placed on the jury and became juror number twelve. Shaffer did not object to juror number twelve being selected as a competent juror.

Trial began on November 13, 2013. When photographs of the accident and the victim were displayed during the trial, juror number twelve became

squeamish, and did not look at a significant amount of the photographs. During a break in the testimony, the following exchange occurred between the trial court, the assistant district attorney ("ADA"), defense counsel, and juror number twelve:

THE COURT: I just want to note that I'm talking to counsel right now. And I noted during the entire time the photographs were shown that juror No. 12, [], did not look at the photos save for a couple of the collision photographs which she glanced at. But the great majority of the photographs she was just staring at Trooper [Todd] Tolan listening to him and looking at him. I made a point of keeping an eye on her and she missed a lot of the photographs, particularly the one – she didn't even look at the one where his leg was stuck in there.

[DEFENSE COUNSEL]: She's got to look.

THE COURT: She's got to look at the photographs. Everybody else was, by the way.

[DEFENSE COUNSEL]: Should we just confirm that with her and I would not object to her being struck for cause.

THE COURT: Should we do that?

[DEFENSE COUNSEL]: I don't know if I want to rely on just you.

THE COURT: No, I think we should have a talk with her definitely.

[DEFENSE COUNSEL]: My guess, she will probably confirm, she's be squeamish the whole way through.

THE COURT: I think she was very uncomfortable about it. Let's go back in the office

conference room or someplace back there and talk to her.

(Whereupon , Juror No. 12 [] was brought into Chambers.)

BY THE COURT:

Q.   You don't feel comfortable with this, you didn't look at any pictures?

A.   I can't, I'll pass out if I look at them.

Q.   You got to look at the pictures.

A.   I tried.

Q.   We're going to excuse you.

A.   I appreciate it.   I'm sorry, but every time I look at [Shaffer's mother] –

Q.   I noticed you were having a tough time with it and I thought you were having a tough time with this.

A.   I'm trying to be fair.

Q.   I know you could be fair but the fairness we were wondering earlier 'cause if you knew [Shaffer's mother] but you said you would be fair and honest.

A.   It's hard.

Q.   But the issue was I think looking at the photos.

A.   I can't.

Q.   Some people have a tough time doing that.

A.   I told [the jury selection judge] when they were picking me, I said I can't look at photos like that, I'll be on the floor.  It gets me too worked up.  I tried to look.  I glanced and kept my head down.

Q.   I could tell there were some you would glance at and most of them –

A.   I didn't want to see him.

Q.   That's okay.

> A.     I tried to listen to what he was saying as far as the gist of it.
>
> [DEFENSE COUNSEL]: 'Cause we're probably going to look at them more.
>
> Juror 12:                     Let me calm down.
>
> (Whereupon, Juror No. 12 was excused from further service.)

N.T., 11/13/2013, at 222-24. Notably, defense counsel did not object, nor did he explicitly acquiesce further, to the exclusion of juror number twelve and the replacement of her with an alternate juror.

The trial court summarized the basic facts that were presented to the jury as follows:

> [Shaffer] and the victim were out drinking one evening. In the early morning hours[,] the victim and [Shaffer] were traveling home in [Shaffer's] truck. They dropped a friend off first. At that time[, Shaffer] was driving and the victim was in the passenger seat. [Shaffer] allege[d] that he changed seats with the victim and that the victim was driving. Shortly thereafter, the vehicle failed to negotiate a turn (speeding) and landed on its roof over an embankment. [Shaffer] got out of the vehicle. When the police arrived, the victim was trapped and hanging upside down in the passenger seat. He was deceased.

Trial Court Opinion ("T.C.O."), 2/28/2014, at 2. In addition to testimony that established the above general factual scenario, the Commonwealth also presented testimony from Trooper Tolan, who testified as an expert in collision analysis and accident reconstruction. Trooper Tolan testified that Shaffer's truck was travelling approximately 75 to 79 miles per hour at the time of the accident. Moreover, based upon his analysis of the location of the victim's body, the nature and location of the victim's injuries, and the

state of the vehicle after the crash, Trooper Tolan opined that Shaffer had been the driver of the vehicle at the time of the crash.

At the close of evidence, the jury found Shaffer guilty of all of the above-referenced charges. Additionally, the trial court found Shaffer guilty of the summary offenses. On December 17, 2013, the trial court sentenced Shaffer to an aggregate sentence of forty to ninety-six months' imprisonment.

On January 7, 2014, Shaffer filed a notice of appeal. On January 9, 2014, the trial court directed Shaffer to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Following one request for an extension of time, Shaffer timely filed a concise statement on February 25, 2014. On February 28, 2014, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Shaffer raises the following four issues for our consideration:

I.    Whether the trial court erred when it unilaterally excused juror number twelve at the end of the first day of trial without good cause and without any competent evidence of her inability to continue to serve as a juror?

II.   Whether a new trial is warranted when the trial court's juror substitution process was prejudicially erroneous?

III.  Whether the trial court erred when it denied Shaffer's motion *in limine* to preclude the introduction of certain photographs of the vehicle that were taken after the vehicle had been removed from its resting place where these photographs were misleading, irrelevant and their probative value was substantially outweighed by the prejudice?

IV.    Whether the evidence presented to support the charges was insufficient because it failed to establish that Shaffer was the individual operating the vehicle at the time of the accident?

Brief for Shaffer at 4.

Both of Shaffer's first two issues involve the trial court's actions pertaining to the removal and replacement of juror number twelve.  Hence, we consider them in tandem.  However, we do not reach the merits of either claim, because Shaffer has waived both challenges for failure to object to the trial court's actions below.

It is both a bedrock and axiomatic principle in appellate jurisprudence that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."  Pa.R.A.P. 302(a).  Indeed, we reiterated this foundational tenet most recently in **Commonwealth v. Akbar**, 91 A.3d 227 (Pa. Super. 2014):

> Preliminarily, we observe that to preserve a claim of error for appellate review, a party must make a specific objection to the alleged error before the trial court in a timely fashion and at the appropriate stage of the proceedings; failure to raise such objection results in waiver of the underlying issue on appeal. **Commonwealth v. Charleston**, 16 A.3d 505 (Pa. Super. 2011); **Commonwealth v. Shamsud–Din**, 995 A.2d 1224 (Pa. Super. 2010).  **See also Commonwealth v. Arroyo**, 723 A.2d 162, 170 (Pa. 1999) (explaining if ground upon which objection is based is specifically stated, all other reasons for its exclusion are waived).

**Akbar**, 91 A.3d at 235.

We have reviewed the record in this case thoroughly, and have found that Shaffer did not object either to the trial court's removal of juror number

twelve, or the process that the trial court utilized to replace that juror.[4]  In his reply brief, Shaffer seeks to overcome waiver by maintaining that the record "reveals the undeniable truth that trial counsel did not concur in the removal of juror twelve."  Reply Brief for Shaffer at 4.  Shaffer further notes that "[t]rial counsel did not concede or agree to juror twelve's removal from service at that time."  *Id.* at 5.  However, Shaffer does not point to one location in the trial record where he actually objected or opposed the trial court's actions.  Moreover, the failure to explicitly agree with a court's action manifestly is not the same as lodging an objection to that action.  Our jurisprudence and rules of procedure require parties to formally announce a disagreement with a trial court's action or ruling on the record before it properly may be contested on appeal.[5]  Here, Shaffer did not object, explicitly or implicitly, after the trial court removed juror number twelve, nor did Shaffer object to any procedure utilized by the trial court in doing so and

_____

[4]     Regarding the replacement process, Shaffer argues that the process was flawed constitutionally and procedurally, *inter alia*: (1) because he was not present during the questioning of juror number twelve; (2) because he was not given adequate opportunity to question her; and (3) because the alternate juror was not adequately apprised that her role had changed from alternate to primary juror.  Again, Shaffer raised none of these objections first before the trial court.  Thus, they are waived.

[5]     Our rules also require parties to identify in their appellate brief the precise location in the record where that party objected or contested an action or ruling.  *See* Pa.R.A.P. 2117(c).  Conspicuously, Shaffer has not complied with this rule.

in replacing that juror. Consequently, Shaffer's first two listed issues are waived.

In his third issue, Shaffer argues that the trial court erred by denying his motion *in limine*, and subsequently permitting the Commonwealth to introduce at trial many photographs of the damaged truck and the victim that were taken after the truck had been winched up from the embankment and flipped over onto its tires. Shaffer contends "the photos of the vehicle and the inevitable movement of the lifeless body of the victim after it was pulled up the hill and flipped over were starkly different than that at the time of the accident and were simply misleading and irrelevant." Brief for Shaffer at 21. Because the only issue in the case was who was driving the car at the time of the accident, Shaffer also maintains that showing photographs depicting the victim's body after the vehicle was moved and flipped over were overly prejudicial. We disagree.

"Relevance as well as the admissibility of photographic material are matters trusted to the sound discretion of the trial court." ***Commonwealth v. Ogrod***, 839 A.2d 294, 334 (Pa. 2003) (citing ***Commonwealth v. Baez***, 720 A.2d 711, 726 (Pa. 1998)). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Commonwealth v. Barnett***, 50 A.3d 176, 182 (Pa. Super. 2012) (citing ***Commonwealth v. Brougher***, 978 A.2d 373, 376 (Pa. Super.

2009)). "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." *Commonwealth v. Fransen*, 42 A.3d 1100, 1106 (Pa. Super. 2012). However, even relevant evidence "may be excluded if its probative value is outweighed by the potential prejudice." *Id.*

The photographs that were admitted at trial are contained in the certified record, and we have reviewed them extensively. Although a few of the photographs depict the victim's contorted body and some of the victim's blood, Shaffer does not contest their admission based upon their gruesome nature. Rather, Shaffer argues that they were irrelevant and misleading because they were taken after the vehicle had been moved and flipped over. However, the fact that the pictures were taken after the vehicle had been moved, and with the body still inside the vehicle, does not render the photographs *per se* irrelevant. As noted by Shaffer, the central issue in this case was whether Shaffer or the victim was driving the vehicle at the time of the accident. The photographs clearly were relevant to this issue.

The photographs depict not only the damage done to the vehicle, but also the location of the victim's body within the vehicle. While the body may have shifted slightly during the process of moving the vehicle, the pictures nonetheless show the victim's legs pinned under the dashboard on the passenger side, with his derriere on the passenger seat. *See* Commonwealth's Exhs. C-5G, C-5H, C-5D, and C-5E. Moreover, in one of

- 10 -

the pictures, the victim is holding in his right hand a handle that is typically affixed to the roof of the interior of a vehicle that was broken off in the accident. **See** Commonwealth's Exh. C-5H. Although not conclusive, the fact that the victim was holding the handle in his right hand is suggestive that he was sitting in the passenger seat at the time of the accident. Finally, the pictures of the vehicle demonstrate that the most significant damage to the vehicle was on the passenger side. The passenger side was crushed from the top, supporting the premise that whoever was sitting on the passenger side would be pinned to that location by the damage. **See** Commonwealth's Exh. C-5A.

These pictures clearly were relevant to the issue of who was driving the vehicle at the time of the accident. The jury also knew that they were taken after the vehicle was moved. The fact that the pictures were taken after the vehicle was moved, in this case at least, affects the weight assigned to the photographs by the jury, but does not render them *per se* inadmissible or irrelevant. For the preceding reasons, the photographs were neither irrelevant nor overly prejudicial. Hence, the trial court did not abuse its discretion by denying Shaffer's motion *in limine* or by admitting the photographs at trial.

In his final issue, Shaffer argues that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that he was the driver of the vehicle. We disagree.

When reviewing challenges to the sufficiency of the evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Phillips*, 93 A.3d 847, 856 (Pa. Super. 2014) (citations omitted). Further, in viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the court must give the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000).

Shaffer was convicted of DUI, homicide by vehicle, and homicide by vehicle while DUI. Shaffer contends that the proof for each of these crimes was insufficient because the Commonwealth failed to prove that he was

driving the vehicle at the time of the accident. Viewed in the light most favorable to the Commonwealth, the evidence proves otherwise.

First, the photographic evidence depicts the victim pinned in the passenger side of the vehicle with his legs under the dashboard and his derriere in the passenger seat. Second, the medical reports presented by the Commonwealth at trial demonstrate that Shaffer had blood on the outside of his clothing that did not come from him, and was only present on the right side of his body. In other words, drawing all reasonable inferences in the Commonwealth's favor, the blood on Shaffer's clothing demonstrates that he was sitting in the driver's seat because, if he was in the passenger side, the victim's blood would have been found on the left side of his body, not the right. Finally, and most importantly, based upon the damage to the vehicle, the injuries to the victim, and the location of the victim's body, Trooper Tolan, an expert in collision analysis and accident reconstruction, opined that Shaffer was the driver of the vehicle and that the victim was the passenger at the time of the accident. This evidence was sufficient to demonstrate that Shaffer was the driver of the vehicle beyond a reasonable doubt.

We note that Shaffer's argument is premised in large part upon his belief that the jury should have believed his testimony that he and the victim switched places after dropping off the third member of their party, and upon challenging other credibility determinations reached by the jury. However, a challenge to a jury's credibility determinations "goes to the weight of the

evidence, not the sufficiency of the evidence." ***Commonwealth v. Gibbs***, 981 A.2d 274, 281–82 (Pa. Super. 2009).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2014