J. S52002/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JASON M. FRETTI, | : | No. 2587 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, August 4, 2015,
in the Court of Common Pleas of Lehigh County
Criminal Division at No. CP-39-CR-0004001-2011

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 03, 2016**

Jason M. Fretti appeals, ***pro se***, from the order entered in the Court of Common Pleas of Lehigh County that dismissed, without a hearing, his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The record reflects that a jury convicted appellant of rape of a child, sexual assault, aggravated indecent assault of a child, corrupting the morals of a minor, and indecent assault.[1]  Following his convictions, the trial court sentenced appellant to 18 to 36 years' incarceration.

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(c), 3124.1, 3125(b), 6301(a)(1), and 3126(a)(7), respectively.

Appellant then filed timely post-sentence motions, which the trial court denied. On direct appeal, this court affirmed appellant's judgment of sentence.[2] Thereafter, our supreme court denied appellant's petition for allowance of appeal.[3]

The PCRA court set forth the remaining, relevant procedural history, as follows:

> On January 14, 2015, the appellant filed a *pro se* [PCRA petition,] and on January 15, 2015, Matthew Rapa, Esquire, was appointed to represent the appellant. Subsequently, on May 14, 2015, counsel for the appellant filed a "Motion to Withdraw As Counsel" and [a *Turner/Finley*[4]] letter indicating that the issues raised in [appellant's PCRA petition] are without merit. On May 20, 2015, notice was provided to the appellant pursuant to Pa.R.Crim.P. 907(1) that his petition was subject to dismissal and permitting him twenty (20) days to submit a response. Thereafter, on June 10, 2015, the appellant filed a "Pettion [sic] Objection to Intention to dismiss [PCRA.]" On August 4, 2015, the appellant's PCRA petition was dismissed.
>
> A Notice of Appeal was filed on August 26, 2015. Thereafter, this Court directed the appellant to comply with Pa.R.A.P. 1925(b), and on September 14, 2015, this Court received appellant's [Rule 1925(b) statement].

PCRA court opinion, 10/26/15 at 2 (footnotes omitted).

---

[2] *Commonwealth v. J.F.*, 87 A.3d 394 (Pa.Super. 2013) (unpublished memorandum).

[3] *Commonwealth v. J.F.*, 85 A.3d 482 (Pa. 2014).

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Appellant requests that we review the following issues:

> I.   DID THE LOWER TRIAL COURT ERR WHEN IT DISMISSED PETITIONERS [SIC] CLAIM WITHOUT AN EVIDENTIARY HEARING TO DETERMINE MERIT[?]
>
> II.  DID COUNSEL APPOINTED TO PETITIONER FAIL TO PROPERLY "PLEAD AND PROVE" ISSUES AND AMMEND [SIC] ANY **PRO SE** PETITIONS[,] INADEQUEICES [SIC] OR DEFECIENCES [SIC][?]
>
> III. DID THE LOWER TRIAL COURT ERR WHEN IT ACCEPTED A BOILER PLATE "FINLEY LETTER" AS A BASIS TO DISMISS APPELANTS [SIC] PETITION[?]

Appellant's brief at 2.

The failure to raise an issue in an ordered Rule 1925(b) statement results in waiver of that issue on appeal. **Commonwealth v. Dowling**, 883 A.2d 570, 578 (Pa. 2005), citing **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). Here, appellant raised the following issues in his Pa.R.A.P. 1925(b) statement:

> 1.   DID THE [PCRA] COUNSEL IMPROPERLY FILE A DEFICENT [SIC] "[**FINLEY**] **LETTER**" AFTER FAILING TO CONFER WITH THE [PCRA PETITIONER] FOR THE PURPOSES OF INVESTIGATION AND AMMENMENT [SIC] OF HIS VIABLE AND SUBSTANATIVE [SIC] COLLATERAL APPEAL?
>
> 2.   DID THE [PCRA] COURT ERR WHEN IT ACCEPTED A DEFECENT [SIC] "[**FINLEY**] **LETTER**" AND DISMISSED [PETITIONER'S] [PCRA] PETITION OUT OF HAND?

Docket #80.

Clearly, the first issue presented in appellant's brief on appeal was not included in the court-ordered Pa.R.A.P. 1925(b) statement filed on September 14, 2015, and is, therefore, not properly before us for review. We also note that in the argument section of appellant's brief, appellant raises issues that he failed to include in his Rule 1925(b) statement. These claims are also not properly before us.

With respect to appellant's remaining issues as set forth in the "statement of questions involved" section of his brief, appellant waives these claims because he fails to cite to any authority that supports his position and he fails to fully develop any meaningful argument concerning those claims. *See Commonwealth v. Rompilla*, 983 A.2d 1207, 1210 (Pa. 2009); *Commonwealth v. Brougher*, 978 A.2d 373 (Pa.Super. 2009) (claim is waived if there is no citation to authority); *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1998) (petitioner waives undeveloped and/or unclear claims).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2016