J. S41016/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA          :     IN THE SUPERIOR COURT OF
    Appellant                                        :          PENNSYLVANIA
                                    :
                v.                                     :
                                      :
JUAN MIGUEL ACEVEDO                             :
                                      :
                                    :          No. 2984 EDA 2015

Appeal from the Order August 31, 2015
In the Court of Common Pleas of Monroe County
Criminal Division No(s): CP-45-CR-0002532-2010

BEFORE: BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:          **FILED SEPTEMBER 02, 2016**

The Commonwealth of Pennsylvania appeals from the August 31, 2015

Order entered in the Court of Common Pleas of Monroe County granting

Juan Miguel Acevedo's ("Acevedo") Motion to Enforce Plea Agreement.

Finding no merit to the Commonwealth's claims on appeal, we affirm.

On September 5, 2010, Acevedo was charged with one count each of

Statutory Sexual Assault, Aggravated Indecent Assault—Complainant Less

than 16 Years of Age, Interference with Custody of Children, Unlawful

Contact with Minor—Sexual Offenses, Involuntary Sexual Intercourse—

_____

[*] Former Justice specially assigned to the Superior Court.

Complainant Less than 16 Years of Age, and two counts of Indecent Assault—Complainant Less than 16 Years of Age.[1]

On October 4, 2011, the Commonwealth presented Acevedo with a plea agreement. Noting that Acevedo had similar charges pending at No. 2015-2011 and 2067-2011, the Commonwealth agreed to an open guilty plea to one count of Unlawful Contact with Minor, a second degree felony, at No. 2532-2010, and two counts of Statutory Sexual Assault,[2] one each at Nos. 2015-2011 and 2067-2011.

The Commonwealth noted in the plea offer that there was no sentencing agreement. It also informed Acevedo that,"[a]bsent a finding that [Acevedo] would be classified as a [sexually violent predator], he would be required to register under Megan's law for 10 years (as opposed to a lifetime registration for aggravated indecent assault, or a conviction for more than one Megan's law offense)." Plea Offer, 10/4/11. In exchange for this plea, the Commonwealth agreed to *nolle pros* the remaining charges.

On December 27, 2011, Acevedo pled guilty to one count of Unlawful Contact with Minor and two counts of Statutory Sexual Assault.

On March 22, 2012, the court sentenced Acevedo to a term of 9-36 months' incarceration on the Unlawful Contact with Minor charge, and two

---

[1] 18 Pa.C.S. § 3122.1, 3125(a)(8), 2904(a), 6318(a)(1), 3123(a)(7), 3126(a)(8), respectively.

[2] 18. PaC.S. § 3122.1.

terms of 12-26 months incarceration on the Statutory Sexual Assault charges, to be served consecutively. The court ordered Acevedo to submit to a sexual offender evaluation, and to comply with the registration requirements of Megan's Law[3] for a period of 10 years.

Pennsylvania enacted the Sex Offender Registration and Notification Act ("SORNA") on December 20, 2011, and it became effective on December 20, 2012. *See* 42 Pa.C.S. § 9799.1 *et seq*. SORNA's registration requirements apply to persons still under supervision for relevant offenses as of December 20, 2012. *Id.* at § 9799.13(2). SORNA reclassified the offenses requiring registration as a sex offender, and the length of the required registration. *Id.*

SORNA reclassified the offenses of Unlawful Contact with Minor and Statutory Sexual Assault as Tier II sexual offenses, both of which carry 25-year registration periods. *Id.* §§ 9799.14(c)(5); 9799.14(c)(1.1); and 9799.15(a)(2). Accordingly, since Acevedo was still incarcerated at the time SORNA became effective, Acevedo was required to register for his lifetime rather than 10 years. [4]

---

[3] 42 Pa.C.S. § 9795.1.

[4] Acevedo faced a lifetime registration requirement pursuant to 40 Pa.C.S. § 9799.14(d)(16), which classifies as a Tier III sexual offense "[t]wo or more convictions of offenses listed as Tier I or Tier II sexual offenses." *See* 42 Pa.C.S. § 9799.14(d)(16); *see also id.* at § 9799.15(a)(3).

On October 6, 2014, Acevedo filed a *pro se* "Motion for Evidentiary Hearing [and] for Declaration that Megan's Law [is] Unconstitutional [and] Unenforceable." The trial court initially treated this Motion as an application for relief pursuant to the Post Conviction Relief Act[5] ("PCRA"), and appointed counsel for Acevedo. Counsel withdrew the PCRA petition without prejudice and, on March 16, 2015, filed a Petition for Habeas Relief and/or Petition Seeking Enforcement of Plea Agreement, in which Acevedo challenged the retroactive enforcement of SORNA. Following a hearing, the court granted Acevedo's Petition on August 31, 2015, thereby enforcing Acevedo's plea agreement.

The Commonwealth timely appealed and complied with the trial court's order to file a Pa.R.A.P. 1925(b) Statement.

The Commonwealth raises the following four issues for our review:

> 1. Did the [t]rial [c]ourt err in finding that the mere act of advising a defendant of collateral consequences created a binding contractual obligation on the part of the Commonwealth when such notification was required by law?
>
> 2. Did the [t]rial [c]ourt err in finding that the specific length of the registration, which was a collateral consequence, was within the control of the District Attorney, when at the time of the plea the only possible registration periods allowed by law were either 10 years or life?

---

[5] 42 Pa.c.S. §§ 9541-9546.

3. Did the [t]rial [c]ourt err in finding that the state cannot, in the valid exercise of its police powers, modify the terms of an existing contract?

4. Did the [t]rial [c]ourt err in modifying the period of registration contrary to the plan language of 42 Pa.C.S.A. 9799.20?

Commonwealth's Brief at 4.

In its first issue, the Commonwealth avers that the trial court erred in finding that Acevedo's 10-year sex offender registration requirement was a specifically bargained-for term of his plea agreement. The Commonwealth argues that, although it and the trial court notified Acevedo of his 10-year registration requirement at the time of Acevedo's sentencing, "[t]he simple act of notifying a defendant of his duty to register, when such notification is required by statute, does not then turn that notification into a bargained for term of a contract." Commonwealth's Brief at 10-11.

Our standard of review is as follows:

In determining whether a particular plea agreement has been breached, we look to what the parties to this plea agreement reasonably understood to be the terms of the agreement. Such a determination is made based on the totality of the surrounding circumstances, and [a]ny ambiguities in the terms of the plea agreement will be construed against the [Commonwealth].

*Commonwealth v. Hainesworth*, 82 A.3d 444, 447 (Pa. Super. 2013) (*en banc*) (internal citations and quotations omitted).

In *Hainesworth*, the defendant pled guilty to Statutory Sexual Assault, Indecent Assault, and Criminal Use of a Communication Facility. *Id.*

at 445. None of the offenses to which Hainesworth pled guilty required registration as a sex offender. *Id.* at 446. The Commonwealth acknowledged this fact on the record in open court. *Id.* The trial court accepted the plea, and Hainesworth did not register as a sex offender. *Id.* However, after SORNA became effective, Hainesworth's Indecent Assault offense was reclassified as a Tier II sexual offense, requiring him to register for 25 years. *Id.* Because Hainesworth was still on probation when SORNA became effective, he filed a motion seeking termination of his supervision to avoid SORNA's registration requirements. *Id.* Although the trial court denied his Motion, it nevertheless issued an order stating that Hainesworth was not subject to the registration requirements of SORNA. *Id.*

On appeal, this Court observed that plea agreements must be analyzed under the principles of contract law. *Id.* at 447. We noted that "[t]he terms of plea agreements are not limited to the withdrawal of charges, or the length of a sentence. Parties may agree to—and seek enforcement of—terms that fall outside these areas." *Id.* at 449. We recognized that "[r]egistration obviously has serious and restrictive consequences for the offender, including prosecution if the requirement is violated," and held that the plea agreement should be specifically enforced under principles of contract law, including fundamental fairness. *Id.* at 449; (stating that plea-bargaining is a crucial element of the criminal justice system, as nearly ninety-four percent of state convictions are the result of

guilty pleas and that "it is critical that plea agreements are enforced, to avoid any possible perversion of the plea bargaining system") (internal citations omitted). This court concluded that Hainesworth's guilty plea was premised on the withdrawal of all charges requiring registration (evidenced both in the Plea Colloquy and the Notes of Testimony) and that non-registration was, therefore, a term of the plea agreement requiring specific enforcement. *Id.* at 447-48.

Recently, in *Commonwealth v. Nase*, 104 A.3d 528, 534 (Pa. Super. 2014) (*en banc*), this Court held that the defendant expressly agreed to plead guilty to unlawful contact with a minor so as to be subject to the then-extant ten-year registration period. Therefore, we concluded the registration consequences were unequivocally part of his plea negotiation and arrangement to be specifically enforced. *Id.* at 535.

In the instant matter, following a hearing, and pursuant to the holdings in *Hainesworth*, and *Nase*, the trial court found that "the ten-year registration requirement was part of [Acevedo's] plea bargain. Therefore, he is entitled to the benefit of his bargain, and is not subject to additional registration beyond that envisioned by his plea agreement." Trial Ct. Order, 8/31/15.

We agree with the trial court. The record reflects that the Commonwealth offered Acevedo a plea agreement wherein he would plead guilty to Unlawful Contact with Minor, and submit to a 10-year sexual

offender registration requirement. In doing so, Acevedo forfeited his right to a trial on six other charges, which, if convicted, could expose him to a lifetime registration requirement. The Commonwealth, aware of the potential lifetime registration obligation, used this information to highlight the benefit of entering into the negotiated plea agreement. *See* Plea Offer ("[a]bsent a finding that [Acevedo] would be classified as a [sexually violent preditor], he would be required to register under Megan's law for 10 years as opposed to a lifetime registration for aggravated indecent assault, or a conviction for more than one Megan's law offense."). *See also* N.T., 7/27/15, at 15 (where Acevedo's counsel argues that "[t]he DA's Office even acknowledge[d] [in the plea offer] that if he goes to trial and he's unsuccessful, he's facing lifetime registration requirements.").

Furthermore, Acevedo testified at the hearing on his motion that he understood at the time the Commonwealth offered him a plea agreement that if he were unsuccessful at trial, he would have a significantly longer period of required registration. *Id.* at 11. He specifically testified that when he entered his guilty plea, his "understanding was ten years of a registration requirement[,]" and that "through the plea deal, plea agreement with the ten year registration, [ ] like that was in my best interest as opposed to pursuing it all the way up to trial." *Id.* at 13-14.

We agree with the trial court that the 10-year registration requirement was a bargained-for term of Acevedo's plea. The Commonwealth's offer of a

10-year registration period induced Acavedo to forego his right to a trial on all of the charges pending against him. The application of SORNA's registration requirements would abrogate the promise made to Acevedo and breach the agreement between the parties. *See Hainesworth*, 82 A.3d at 449.

Thus, recognizing the magnitude of SORNA registration, the essential role of plea agreements in the criminal justice system, and the need to preserve the Commonwealth's integrity in its dealings, we agree with the trial court that Acevedo's knowing and voluntary plea agreement must be specifically enforced. *See Commonwealth v. Fruehan*, 557 A.2d 1093, 1094 (Pa. Super. 1998) (stating that "[i]f a trial court accepts a plea bargain, the defendant who has given up his constitutional right to trial by jury must be afforded the benefit of all promises made by the district attorney."); *see also Hainesworth*, 82 A.3d at 447-49.

In its next issue, the Commonwealth avers that the trial court erred in finding that the length of Acevedo's registration requirement was within the control of the District Attorney, as it is fixed by law. The Commonwealth also argues that, as a collateral consequence,[6] the "sexual offender registration requirement simply cannot be considered a 'term' of **any** plea

---

[6] A collateral consequence has been defined as a civil requirement over which a sentencing judge has no control. *Commonwealth v. Abraham*, 62 A.3d 343, 350 (Pa. 2012).

agreement, specifically including the period of registration, which [is] determined by statute." Commonwealth's Brief at 24 (emphasis in original).

These arguments are without merit. First, it is undisputed that the length of a SORNA registration requirement is statutorily mandated. However, it is within the Commonwealth's sole discretion to determine whether a plea offer should be made and, if so, which offenses the offer should include. In deciding whether to offer a defendant a plea agreement, the Commonwealth is free to consider the severity of each charge, the likely sentence carried by each offense, and the collateral consequence of each charge. Thus, as aptly stated by Acevedo, "the Commonwealth may . . . fashion a plea offer to a defendant based on the offenses in which the Commonwealth believes best fits the situation, which for most sex offenses, includes a determination of what, if any, SORNA registration requirements should be applied." Acavedo's Brief at 9-10.

Moreover, it is well-established that our courts can, and do, consider sexual offender registration a term of plea agreements.[7] **See**, **e.g. Hainesworth**, 82 A.3d at 449 (stating the "dispositive question is whether registration was a term of the bargain struck [in the plea agreement] . . ."); **Commonwealth v. Partee**, 86 A.3d 245 (Pa. Super. 2014) (holding that but for the defendant's violation of probation, the new registration

---

[7] This point is, in fact, conceded by the Commonwealth in its Brief. **See** Commonwealth's Brief at 35.

requirements would not have been applied retroactively since the defendant specifically negotiated a plea that carried only a 10 year registration requirement); *see also Nase*, *supra*.

Next, the Commonwealth claims the trial court erred in finding that the state cannot modify the terms of an existing contract. The Commonwealth argues that the state can, in the valid exercise of its police powers, modify the terms of an existing contract, especially when the underlying law in effect at the time the parties entered into the contract is thereafter declared unconstitutional. Commonwealth's Brief at 32. We find this argument waived.

The Commonwealth has not cited to any relevant cases in support of its argument. Rather, it relies extensively on cases based on civil contracts. None of the cases cited by the Commonwealth acknowledge the fundamental differences between civil contracts entered into by private parties and plea agreements between the Commonwealth and a criminal defendant. The Commonwealth overlooks that criminal defendants who enter into plea agreements are afforded due process protections to which parties to a civil contract are not entitled.[8] *See generally* U.S. Const. amend. VI.; Pa. Const., Article I, §§ 6, 9. Because the Commonwealth failed to cite to

---

[8] Moreover, to permit the trial court to modify the terms of a valid and enforceable plea agreement has enormous potential to create a chilling effect for all future plea agreements, especially those that either directly pertain to SORNA or could be implicated by SORNA.

- 11 -

relevant case law, this arguments is waived. **See** Pa.R.A.P. 2119(a); ***Commonwealth v. Brougher***, 978 A.2d 373, 375 (Pa. Super. 2009) (claim is waived if there is no citation to relevant authority).

Last, the Commonwealth claims, again without citation to authority, that the trial court cannot "'modify the requirements' of registration statutorily imposed on a defendant and has 'no authority to relieve' him from his duty to register as [SORNA] provides." Commonwealth's Brief at 42. This claim is waived. **See** Pa.R.A.P. 2119(a); ***Brougher***, ***supra***.

Order affirmed. Jurisdiction relinquished.

Judge Bender joins the memorandum.

PJE Stevens files a dissenting statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/2/2016