J-S38023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CURTIS WILLIAMS | : | |
| | : | |
| Appellant | : | No. 3690 EDA 2017 |

Appeal from the Judgment of Sentence June 22, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005345-2015

BEFORE:   OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 13, 2019**

Appellant, Curtis Williams, appeals from the June 22, 2017 Judgment of Sentence entered in the Court of Common Pleas of Philadelphia County following his conviction of First-Degree Murder[1] and various firearms offenses. He avers that he was impermissibly tried on the First-Degree Murder charge because the Commonwealth did not seek the death penalty, and contends he is entitled to a hearing based on unrelated cases finding that one of the investigating officers in his case regularly conducted coercive interrogations. Appellant's issues merit no relief.

In its Opinion, the trial court fully and accurately set forth the relevant facts and procedural history, and we need not restate them in their entirety. *See* Trial Ct. Op., dated 12/24/18, at 1-11; Trial Ct. Op., dated 3/26/18, at

---

[1] 18 Pa.C.S. § 2502.

---

\*   Retired Senior Judge assigned to the Superior Court.

1-11. In sum, on December 20, 2014, Appellant shot and killed the Victim, a drug dealer known to carry large quantities of money on his person, at 1600 Paul Street in Philadelphia. Several people heard the gunshots; two people saw Appellant running from the scene holding a silver gun. Police officers arrested Appellant on December 27, 2014, in possession of the gun that testing later determined had been used to shoot the Victim.

Appellant filed a Motion to Suppress challenging his arrest, which the court denied after a hearing.

Prior to the commencement of Appellant's trial on June 19, 2017, the court informed the jurors that they would be sitting for a homicide trial, "not a death penalty case[.]" Trial proceeded with the Commonwealth presenting testimony from numerous police officers and investigators, the witnesses who heard the gunshots and saw Appellant fleeing the scene, and others from the neighborhood.

On June 22, 2017, the jury found Appellant guilty. The court immediately sentenced Appellant to, *inter alia*, a term of life imprisonment for the First-Degree Murder conviction. Appellant filed a Post-Sentence Motion, which the court denied.

Appellant timely appealed. On November 27, 2017, the trial court directed Appellant to file a Concise Statement of Matters Complained of on Appeal, pursuant to Pa.R.A.P. 1925(b). On December 7, 2017, Appellant filed

a Waiver of Counsel and a request for a **Grazier**[2] hearing. On December 26, 2017, Appellant's counsel filed a Rule 1925(b) Statement, challenging the sufficiency and weight of evidence supporting his murder conviction, and asserting that the trial court erred in denying Appellant's Motion to Suppress.

On February 2, 2018, after a **Grazier** hearing, the trial court permitted Appellant to proceed *pro se* on his direct appeal. Appellant filed a *pro se* Supplemental Rule 1925(b) Statement, asserting that he should not have been tried for First-Degree Murder. The trial court issued a Rule 1925(a) Opinion on March 26, 2018, addressing the issues raised in both counsel's and Appellant's Rule 1925(b) Statements.

On May 29, 2018, Appellant filed a Motion to Compel Trial Counsel to Provide Appellant a Copy of the Trial Transcripts with this Court. On June 25, 2018, we remanded the matter to the trial court to provide Appellant with relevant documents to allow for a complete and judicious assessment of the issues raised on appeal.

Appellant was furnished with the relevant documents, and the trial court allowed Appellant to file another supplemental 1925(b) statement, in which he alleged prosecutorial misconduct and that a Philadelphia police detective fabricated evidence and suborned perjury. The trial court issued a Supplemental 1925(a) Opinion on December 24, 2018.

On appeal, Appellant raises the following two issues:

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

1. Whether the Commonwealth extracted provisions from Title 42 Pa.C.S.[ ] §[ ]9711 specifically §[ ]9711(a)(1)(2)(3) and (4), [which] prohibited the Commonwealth from trying [Appellant] on a first degree murder charge?

2. Whether the court was in error for denying [Appellant] an evidentiary hearing on the record based [on] claims of Detective Pitts fabricating evidence and suborning perjury?

Statement of Questions Presented, Appellant's Br. at 3.

In his first issue, *pro se* Appellant asserts that 42 Pa.C.S. § 9711(a) prohibited the Commonwealth from trying him on a First-Degree Murder charge because the Commonwealth had elected to not pursue the death penalty.[3] Appellant's Br. at 6. Appellant misconstrues the language of Section

---

[3] Section 9711(a), entitled "Sentencing procedure for murder of the first degree," provides as follows:

**(a) Procedure in jury trials.—**

(1) After a verdict of murder of the first degree is recorded and before the jury is discharged, the court shall conduct a separate sentencing hearing in which the jury shall determine whether the defendant shall be sentenced to death or life imprisonment.

(2) In the sentencing hearing, evidence concerning the victim and the impact that the death of the victim has had on the family of the victim is admissible. Additionally, evidence may be presented as to any other matter that the court deems relevant and admissible on the question of the sentence to be imposed. Evidence shall include matters relating to any of the aggravating or mitigating circumstances specified in subsections (d) and (e), and information concerning the victim and the impact that the death of the victim has had on the family of the victim. Evidence of aggravating circumstances shall be limited to those circumstances specified in subsection (d).

- 4 -

9711(a). The clear and unambiguous language of this section addresses only the situation in which the Commonwealth is seeking the death penalty. There is no language in this provision that precludes the Commonwealth from proceeding with a conviction for First Degree Murder when it does not seek the death penalty. It is within the Commonwealth's discretion to seek the death penalty in First-Degree Murder cases. *Commonwealth v. Travaglia*, 723 A.2d 190, 197 (Pa. Super. 1998); *Commonwealth v. Chamberlain*, 30 A.3d 381, 424-425 (Pa. 2011). If the Commonwealth elects to seek the death penalty, the sentencing procedure set forth in Section 9711(a) applies. However, where the Commonwealth elects not to seek the death penalty, "the [trial court] is entrusted with determining the appropriate sentence, and the jury's function is confined to determining the guilt of the accused." *Commonwealth v. Stevens*, 739 A.2d 507, 514 (Pa. 1999) (citation omitted).

---

(3) After the presentation of evidence, the court shall permit counsel to present argument for or against the sentence of death. The court shall then instruct the jury in accordance with subsection (c).

(4) Failure of the jury to unanimously agree upon a sentence shall not impeach or in any way affect the guilty verdict previously recorded.

42 Pa.C.S. § 9711(a).

Here, the Commonwealth elected not to seek the death penalty. Thus, the sentencing procedures provided in Section 9711(a) did not apply. Accordingly, Appellant's claim is without merit.

In his second issue, Appellant avers that the trial court erred in denying him an evidentiary hearing on claims that Detective Pitts regularly fabricated evidence and suborned perjury. **See** Appellant's Br. at 8. Appellant does not cite to where in the record he requested that hearing. **See** Pa.R.A.P. 2101 (requiring conformance with appellate briefing requirements); 2111 (prescribing contents of an appellant's brief); 2119(c) and 2132 (requiring a brief to contain reference to where in the record the matter refers to appears); **Coulter v. Ramsden**, 94 A.3d 1080, 1088 (Pa. Super. 2014) ("Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived.").

Instead, Appellant cites to trial testimony in which a witness testified that when Detective Pitts showed him a single color photograph, he did not identify Appellant; rather, "they identified [Appellant.]". Appellant's Br. at 9 (quoting N.T., 6/20/17, at 215). Appellant then avers that that testimony "and supporting case law substantiates that [D]etective Pitts had a customary and unconstitutional practice of suborning perjury to justify an illegal arrest."

Appellant's Br. at 9 (citing **Commonwealth v. Thorpe**, No. 3876 EDA 2017).[4] He concludes with a request that we remand for an evidentiary hearing.

Without citation to the record or any argument beyond a summary statement that Detective Pitts had a "customary and unconstitutional practice of suborning perjury to justify an illegal arrest," this Court is unable to provide meaningful review. Accordingly, this issue is waived. **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1262 (Pa. Super. 2014) (*en banc*) (failure to conform to the Rules of Appellate Procedure results in waiver of the underlying issue); **Commonwealth v. Brougher**, 978 A.2d 373, 375–76 (Pa. Super. 2009) (failure to develop argument and cite relevant authority for the argument results in waiver).

Judgment of Sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/19

---

[4] 3876 EDA 2017 is a citation to an appeal in **Commonwealth v. Thorpe** that this Court discontinued at the request of the Commonwealth-Appellant.