J-S53012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KABRIL I. WILLIAMS-KEYES | |
| Appellant | No. 1431 MDA 2015 |

Appeal from the Judgment of Sentence July 1, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000877-2015
CP-40-CR-0004138-2014

BEFORE: BOWES, SHOGAN AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 27, 2016**

Kabril I. Williams-Keyes appeals from the aggregate judgment of sentence of ten to twenty years of incarceration imposed following his entry of guilty pleas in two criminal cases. We affirm.

Both cases involve Appellant's physical abuse of Ernestine Pearson. The following facts are taken from the affidavits of probable cause. The first incident occurred on the evening of August 5, 2014. While visiting Ms. Pearson's apartment, Appellant repeatedly punched and kicked her. She attempted to call 911, but Appellant took her phone. Appellant doused her with grease and alcohol, and threatened to light her on fire with an aerosol can and lighter. The abuse continued throughout the evening until the next day, when Ms. Pearson was able to escape. A passerby observed her

_____
* Former Justice specially assigned to the Superior Court.

fleeing, with Appellant chasing. The witness saw Appellant dragging Ms. Pearson by her hair back to the apartment. The bystander immediately called police, who went to the apartment complex. Appellant, however, had fled. Emergency personnel transported Ms. Pearson to the hospital, where Officer Matthew Bonawits of the Edwardsville Police Department interviewed her. The officer noted Ms. Pearson had suffered multiple injuries and one eye was swollen shut.

For the aforementioned crimes, Appellant was charged via written complaint on August 6, 2014. On November 19, 2014, one count of aggravated assault, graded as a felony of the second degree, was held for court, and docketed at criminal number 4138 of 2014. Appellant posted bail the same day, with the condition that he refrain from entering Ms. Pearson's residence.

Appellant did not abide by this condition. On the evening of December 31, 2014, Ms. Pearson picked up Appellant to go shopping and pay some bills. The two returned to her residence. Over her objection, Appellant stayed the evening. In the morning, he confronted Ms. Pearson regarding text messages he saw on her phone. He punched her in the head and bit her finger. Appellant then retrieved a knife, and threatened Ms. Pearson. Appellant's mother was present, as well as Ms. Pearson's two small children, one of whom was fathered by Appellant. Appellant told his mother to leave, stating, "You don't want to be a witness to this." Appellant's mother called

the police and went outside to flag down the responding officer, Edwardsville Police Department Officer Michael Lehman. The officer proceeded to the residence; however, Appellant had fled with Ms. Pearson and the two children in a vehicle. Appellant led police on a high-speed car chase. The pursuit ended when Appellant drove his vehicle into a guardrail, telling Ms. Pearson that he would not go to jail and she should kiss her children goodbye. Twenty separate criminal counts were filed against Appellant for this incident, all of which were held for court and subsequently docketed at criminal number 877 of 2015.

On May 19, 2015, Appellant entered a guilty plea at both cases. At criminal case 4138 of 2014, Appellant pled guilty to the sole count of aggravated assault. At action number 877 of 2015, the Commonwealth withdrew seventeen of the counts. Appellant pled guilty to one count of aggravated assault for the crimes committed against Ms. Pearson and two counts of attempted aggravated assault against a person less than thirteen years old, for the crimes against the two children. Sentencing was deferred to enable preparation of a pre-sentence report.

On July 1, 2015, the parties appeared for sentencing. Appellant received a sentence of thirty-six to seventy-two months at the sole count of aggravated assault at action number 2014-4138. At the other action, Appellant received sentences of forty-two to eighty-four months of imprisonment at each count of attempted aggravated assault against a child,

and a sentence of thirty-six to seventy-two months of incarceration at the remaining aggravated assault count. All three sentences were imposed consecutively to each other and concurrent to the 2014 case. Thus, Appellant received an aggregate sentence of 120 to 240 months incarceration.

Appellant thereafter filed, on July 9, 2015, a post-sentence motion requesting a sentence modification, in which he complained that the imposed sentence was above the applicable mitigated guideline ranges, and that the court failed to consider several mitigating factors. Motion for Reconsideration, 7/9/15, at 1-2.[1] The motion was denied July 22, 2015. Appellant lodged a timely notice of appeal on August 19, 2015.

Appellant complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement, and the court issued its responsive opinion on December 22, 2015. The matter is now ready for our review. Appellant raises four claims.

> 1. Whether the [s]entencing [c]ourt imposed an improper sentence under the law[?]

---

[1] This motion was filed by private counsel, Stephen Molitoris, Esquire, who entered his appearance on July 21, 2015. At the time of the post-sentence motion, Appellant was represented by the office of the public defender, who also filed a post-sentence on Appellant's behalf. The public defender subsequently withdrew.

2.     Whether the [s]entencing [c]ourt erred in denying Appellant's post-sentence Motion for Reconsideration/Modification of Sentence[?]

3.     Whether there exists a substantial question that the sentence imposed is inappropriate in that imposition of the sentence occurred with an application of the sentencing guidelines that resulted in a clearly unreasonable aggregate sentence[?]

4.     Whether there exists a substantial question that the sentence imposed is inappropriate in that imposition of the sentence resulted in a manifestly excessive and unreasonable aggregate sentence[?]

Appellant's brief at 5.  All four of these challenges implicate the discretionary aspects of the sentence.

Preliminarily, we note that "there is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa.Super. 2008).  An appellant must first satisfy a four-part test to invoke this Court's jurisdiction.  We examine

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted).  As we have set forth, the first two requirements have been met.

We next assess whether Appellant's failure to include a separate concise statement as required by Pa.R.A.P. 2119(f) is fatal.  The Rule states:

**(f) Discretionary aspects of sentence.** An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f). Since the Commonwealth has not objected to the statement's absence, we decline to find the claim waived on that basis. *Commonwealth v. Brougher*, 978 A.2d 373, 375 (Pa.Super. 2009).

We now address whether Appellant has presented a substantial question. Since Appellant has not included a Rule 2119(f) statement, and mindful that we may not review the merits of the question at this juncture, we have examined other portions of the brief. *Commonwealth v. Dodge*, 77 A.3d 1263, 1271 (Pa.Super. 2013) (court may look to statement of questions presented).

We determine the existence of a substantial question on a case-by-case basis. A substantial question exists only when

> the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists.

*Commonwealth v. Diehl*, 140 A.3d 34, 44–45 (Pa.Super. 2016) (internal citations and quotation marks omitted).

Appellant's statement of questions presents a boilerplate allegation that the sentence violates two precepts. He argues, "Instantly, by failing to properly consider and weigh the relevant sentencing factors under the Sentencing Code and guidelines, the sentence imposed was a result of an inconsistent application of the Sentencing Code and ran afoul of the fundamental norms underlying the substantial question." Appellant's brief at 10. This allegation does not raise a substantial question. **Commonwealth v. Lewis**, 911 A.2d 558, 567 (Pa.Super. 2006) ("A claim that a sentencing court failed to consider certain mitigating factors does not raise a substantial question that the sentence is inappropriate."); **Commonwealth v. Haynes**, 125 A.3d 800, 807 (Pa.Super. 2015) (assertion that the trial court failed to consider his mental health issues and rehabilitative needs does not raise substantial question).

Secondly, Appellant contends that the sentence, while within the guidelines, is excessive and unreasonable because the sentences in the 2015 matter were imposed consecutively. Where, as here, the sentences are within the applicable guideline ranges, the sentencing judge's decision to impose consecutive sentences standing alone does not raise a substantial question. As we stated in **Dodge**, **supra**:

> To make it clear, a defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application

of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question. ***See Commonwealth v. Moury,*** 992 A.2d 162, 171–172 (Pa.Super. 2010) ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.")[.]

***Id***. 1270 (emphasis in original).

These cases do not raise even a scintilla of doubt that applying the guidelines to these crimes was reasonable. Over the course of an evening, Appellant viciously beat Ms. Pearson, a woman with whom he had an infant child, and prevented her from calling 911. When she was able to escape the next day, an eyewitness observed Appellant forcibly dragging her back to the apartment. Despite being ordered to have no contact with the victim, he returned to her residence, stayed overnight, threatened her with a knife, and led police on a high-speed chase with Ms. Pearson and her two children in the vehicle.

Appellant argues that this subsequent contact is a point in his favor.

[T]he sentence of [Appellant] reflected harsh punishment for having contact with the victim (a violation of his bail conditions at the time), without consideration for his love for his family or the initiation of the contact by the victim (contact, which, as set forth by [Appellant], often occurred at the request of the victim, who often asked [Appellant] to stay with her and her children or to babysit the children while she worked.

Appellant's brief at 7. Appellant had the duty to abide by the conditions, not his victim. Considering the nature and circumstances of these crimes and

the length of incarceration imposed, we do not hesitate in holding Appellant has failed to raise a substantial question that the application of the guidelines and the imposition of consecutive sentences in light of this conduct was unreasonable.

Next, we review Appellant's claim that a substantial question is presented because the sentencing court did not consider a litany of factors justifying a lesser sentence. **See** Appellant's brief at 11-12 (Appellant pled guilty and has demonstrated remorse, he suffers from addiction and mental health issues, has a family, has a consistent employment history, and his actions were uncharacteristic and fueled by substance abuse and anger management issues). A claim that the trial court failed to consider relevant sentencing criteria does raise a substantial question. **Dodge**, **supra** at 1273 ("Appellant's claim that the sentencing court disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence presents a substantial question for our review."). Additionally, "This Court has also held that 'an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.'" **Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa.Super. 2015) (*en banc*) (quoting **Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa.Super. 2014)).

Having determined Appellant raised a substantial question, we review the merits of his sentencing challenges. This Court's standard of review

limits our ability to vacate and remand in cases where the court sentenced within the guidelines. We may reverse only if applying the guidelines would be clearly unreasonable under the circumstances. 42 Pa.C.S. § 9781(c)(2); *See Commonwealth v. Macias*, 968 A.2d 773, 777 (Pa.Super. 2009) (defining unreasonable as decision that is either irrational or not guided by sound judgment). The sentences were within the guidelines at all counts and the choice to apply them was rational. Section 9781(d) of the Sentencing Code provides that when we review the record, we must have regard for:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d). Appellant's claim that the sentencing court failed to consider a host of factors is belied by the record. "Our Supreme Court has ruled that where pre-sentence reports exist, the presumption will stand that the sentencing judge was both aware of and appropriately weighed all relevant information contained therein." *Commonwealth v. Griffin*, 804 A.2d 1, 8 (Pa.Super. 2002) (citing *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)). The judge specifically stated that he had reviewed and considered the report. N.T., 7/1/15, at 27. We have already discussed the

nature and circumstances of the offense, and the court placed findings on the record. Appellant's real issue is not that the court failed to consider these issues; rather, he simply disagrees with the judge's weighing of these factors. Hence, we find no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2016