J-S57032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| GREGG WESLEY MARTIN, | : | |
| | : | |
| Appellant | : | No. 3842 EDA 2016 |

Appeal from the Judgment of Sentence November 14, 2016
in the Court of Common Pleas of Monroe County,
Criminal Division, No(s): CP-45-CR-0001106-2016

BEFORE:  PANELLA, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED OCTOBER 18, 2017**

Gregg Wesley Martin ("Martin") appeals from the judgment of sentence entered following his guilty plea to access device fraud, and simple assault.[1]  We dismiss the appeal.

In its Opinion, the trial court set forth the factual and procedural history underlying the instant appeal.  **See** Trial Court Opinion, 2/1/17, at 1-6.  We adopt the trial court's recitation for the purpose of this appeal.  **See id.**

Martin presents the following claims for our review:

1. Did the trial court abuse its discretion at sentencing when the court gave [Martin] a state sentence w[h]ere he had a prior record score of zero?

2. Did the trial court abuse its discretion when it gave [Martin] a state sentence when making the determination that[,] based on his history and saying [that Martin's] rehabilitative prospects were zero when [Martin] had no history of a county sentence[,]

---

[1] **See** 18 Pa.C.S.A. §§ 4106(a)(1)(ii), 2701(a)(1).

making the state sentence clearly unreasonable under the circumstances?

Brief for Appellant at 6.

Martin's claims challenge the discretionary aspects of his sentence. With regard to the discretionary aspects of sentencing, there is no automatic right to appeal:

> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine[] (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code....  [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Disalvo***, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

Here, Martin timely filed his appeal and preserved his claims in a post-sentence Motion.  However, Martin's appellate brief does not include a concise statement of the reasons upon which he relies for allowance of appeal, as required by Pa.R.A.P. 2119(f).  The Commonwealth has objected to this defect.  ***See*** Brief for the Commonwealth at 4.

Where the appellant's brief does not include a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f), and the Commonwealth objects in its brief to the omission, the appellant's technical noncompliance represents a fatal defect within appellant's appeal.

*See Commonwealth v. Karns*, 50 A.3d 158, 166 (Pa. Super. 2012) (stating that, "[i]f a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim."); *see also Commonwealth v. Brougher*, 978 A.2d 373, 375 (Pa. Super. 2009) (stating that "claims relating to the discretionary aspects of a sentence are waived if an appellant does not include a Pa.R.A.P. 2119(f) statement in his brief and the opposing party objects to the statement's absence."); *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987) (holding that the failure to comply with procedural requirements for review of discretionary aspects of sentence claims is fatal to the appellant's claim on appeal). Because Martin's brief does not include the required Pa.R.A.P. 2119(f) concise statement, his challenge to the discretionary aspects of his sentence is waived.[2] *See Brougher*, 978 A.2d at 375. Accordingly, we deny allowance of appeal.

Appeal dismissed.

---

[2] Even if Martin had properly preserved his claims, we would conclude that they lack merit for the reasons stated by the trial court in its Opinion. *See* Trial Court Opinion, 2/1/17, at 6-17.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/17

# COURT OF COMMON PLEAS OF MONROE COUNTY
## FORTY-THIRD JUDICIAL DISTRICT
## COMMONWEALTH OF PENNSYLVANIA

COMMONWEALTH OF
PENNSYLVANIA

      v.

GREGG MARTIN,

          Defendant

:
:
:
:
:
:
:
:
:
:
:
:
:

NO. 1106 CR 2016


APPEAL DOCKET
NO. 3842 EDA 2016

## OPINION IN SUPPORT OF ORDER PURSUANT TO Pa.R.A.P. 1925(a)

Defendant has filed an appeal from the judgment of sentence imposed following his guilty plea to Access Device Fraud[1] and Simple Assault.[2] After the appeal was filed, we directed Defendant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). Defendant complied, and we now file our opinion in accordance with Pa.R.A.P. 1925(a).

The basic facts and procedural history of this case are undisputed and clear from the record. In summary:

On April 30, 2016, officers from Pocono Township Regional Police Department were dispatched to a residence in response to a report that Defendant and his adult sister were involved in a physical altercation. Upon arrival, the police first spoke with Defendant's father, who told them that Defendant was out of control and that he feared for the family's safety. He also told police he recently discovered that Defendant had

---

[1] 18 Pa.C.S.A. § 4106(a)(1)(ii).
[2] 18 Pa.C.S.A. § 2701(a)(1).

1

stolen his wife's credit card and used it to purchase approximately $5,000 in merchandise from various stores.

The police next made contact with Defendant's sister, who told them that she was making food in the kitchen and talking with Defendant when he became aggressive. She stated that Defendant told her he was going to join a motorcycle gang and then come back to "light everyone up." Defendant then threatened her specifically, stating that he was going to "cut her in half with a gun."

As his sister attempted to leave the room, Defendant became physically aggressive. First, he pushed her and then bumped her with his chest. He then punched her on her left arm. In an attempt to escape, she shoved him. However, Defendant did not allow her to leave. He again assaulted her, this time kicking her on her left hip. When she tried to defend herself, Defendant laughed and told her she was going to jail. Defendant's assaults left visible bruises on his sister.

The police then spoke with Defendant about his unauthorized use of his mother's credit card. Defendant admitted that he took the card without permission and, between January 21, 2016 and March 20, 2016, charged $4,369.44. His purchases included tattoos, pellet guns, and electronics.

Defendant's father explained that Defendant had been concealing the unauthorized purchases by removing credit card bills from the mail and destroying them. However, the family discovered the unauthorized charges when Defendant's mother received notice that her account was past due. Defendant's mother told police that she had not, at any time, given Defendant permission to use her card.

2

As a result, Defendant was arrested and charged with Access Device Fraud, Theft by Unlawful Taking, Receiving Stolen Property, Simple Assault, and Harassment. At the time, Defendant was on ARD in Northampton County for a prior offense. In addition, he had committed crimes here in Monroe County for which felony charges were later filed.[3] (N.T., 11/14/2016, pp. 4, 10; PSI, pp. 4).

On August 31, 2016, Defendant pled guilty in this case to Access Device Fraud, as a felony of the third degree, and Simple Assault, a second degree misdemeanor. We accepted the plea, ordered a Pre-sentence Investigation (PSI) Report, and scheduled a sentencing hearing.

Prior to sentencing, Defendant filed a motion to amend his guilty plea. Defendant's mother had contacted the District Attorney's Office and asked that the Access Device charge be reduced from a felony to a misdemeanor. The Commonwealth concurred in the motion.

Also prior to sentencing, Defendant racked up disciplinary infractions at the Monroe County Correctional Facility, including a major misconduct for making or attempting to make drugs in the facility and the related violation of possessing contraband. Due to these infractions, Defendant was placed in a Restricted Housing Unit (RHU) for 14 days. (N.T., 11/14/2016, pp. 5, 10; PSI, pp. 7a).

On November 14, 2016, the sentencing hearing was convened, as scheduled. Before imposing sentence we addressed procedural issues. Specifically, we discussed with counsel Defendant's request that the grading of the Access Device charge be

---

[3] Before his arrest in this case, Defendant twice attempted to purchase firearms and certified on the required forms that he had never been committed to a mental institution when in fact he had twice been involuntary committed. He was not charged in those incidents until after this case was filed. Defendant has since pled guilty and is awaiting sentencing.

3

reduced. We indicated that we would grant the request, instructed the Commonwealth to file an amended information reflecting the change, and stated that we would sentence Defendant taking into consideration both the reduced grading and the corresponding reduction in the applicable sentencing guideline ranges. (N.T., 11/14/2016, pp. 8-9). To memorialize the discussions, in the judgment of sentence we graded the Access Device charge as a misdemeanor of the first degree and directed the Commonwealth to file an amended information reflecting the change. (Judgment of Sentence, dated November 14, 2016). Shortly after sentencing, the Commonwealth complied and we issued an order formally granting Defendant's motion to amend. (Order, dated November 16, 2016).

Then, in recognition of Defendant's admitted and undisputed substance abuse issues, we initially suggested the possibility of having Defendant evaluated for the State Intermediate Punishment (SIP) program. That option was discussed at length. However, at the time, a pending ARD violation in Northampton County and the two pending felony cases here in Monroe County rendered Defendant ineligible for the program. Nonetheless, we indicated that we would be willing to explore the possibility of SIP on reconsideration if the parties could bundle together the other outstanding matters, including the ARD violation in Northampton County, that were preventing Defendant from participating in the program. (N.T., 11/14/2016, pp. 7-8).

Substantively, at the end of the hearing, we sentenced Defendant to an aggregate term of 10 to 48 months in a State Correctional Institution, a sentence within the aggravated range, giving him credit for time served. Before doing so, we afforded the attorneys, Defendant, and Defendant's parent, who are two of the victims, the

4

opportunity to address the Court. Counsel for Defendant argued briefly that the reduction in grading would change the recommendation to a county, rather than a state sentence, and asked that a county sentence be imposed. The Commonwealth agreed that the reduction in grading would result in a corresponding reduction in the guideline ranges for the Access Device charge. However, it noted that the grading of the Simple Assault charge remained the same and stated that, given all of the circumstances, it agreed with the Probation Department's recommendation for an aggravated range sentence. Specifically, the Commonwealth requested six to twelve months on the Access Device conviction and three to twelve months on the Simple Assault charge. It did not object to a county sentence. Defendant's parents elected not to make statements. Defendant spoke on his own behalf, apologizing for his actions and noting that, in addition to whatever penalties were meted out in Monroe and Northampton Counties, his actions cost him his home and family. (N.T., 11/14/2016, pp. 2-3, 6-8).

After hearing from the attorneys and Defendant, we informed Defendant of the documents and information on which the sentence was based. Specifically, we advised Defendant that the sentence was based on the record and file in this case, the PSI report, the statements and arguments of his attorney and the assistant district attorney, and the applicable sentencing laws, rules, and guidelines. We then stated our reasons on the record. In doing so, we highlighted several undisputed aggravating factors – Defendant's violation of his ARD in Northampton County and his misconducts at the jail, especially the manufacturing drugs infraction – and articulated our determination that, given Defendant's history, conduct, and severe addiction to a

5

variety of drugs, his rehabilitative prospects in the community were poor and his needs would be better met in state prison than in county jail. (N.T., 11/14/2016, p. 8-11; PSI Report).[4] We then imposed the sentence being challenged on appeal.

Subsequently, Defendant filed a post-sentence motion seeking reconsideration of sentence. The motion did not mention the SIP program. Instead, the filing averred that "Defendant believes the sentence to be excessive" and argued that "a county sentence would be more appropriate, especially in light of Defendant's time credit." (Motion to Reconsider Sentence, filed 11/18/2016, ¶¶ 6-7).

On November 18, 2016, we denied Defendant's motion. Defendant then filed this appeal.

## DISCUSSION

On appeal, Defendant raises two assignments of error, both of which challenge the discretionary aspects of his sentence by taking issue with our decision to impose a state, rather than a county, sentence:

> 1. It was an abuse of discretion to sentence [Defendant] to a state sentence [where] he had a prior record score of zero.

> 2. It was an abuse of discretion for the Court to give [Defendant] a state sentence when making the determination that based on his history [Defendant's] rehabilitative prospects were zero when he had not [sic] having [sic] a history of a county sentence making the sentence clearly unreasonable under the circumstances.

(Defendant's 1925(b) Statement, filed 1/3/2017, ¶¶ 1 and 2). For the reasons that follow, we believe that Defendant's sentencing challenge does not raise the requisite substantial question. In the alternative, we remain convinced that the aggravated

---

[4] We incorporate our on-record statements and the PSI into this Opinion by reference. The PSI has been made part of the Certified Record.

6

range sentence we imposed was appropriate under the facts and circumstances of this case, that we placed sufficient reasons for the sentence on the record, and that we did not otherwise err or abuse our discretion in sentencing Defendant.

Sentencing is a matter within the sound discretion of the trial court. See *Commonwealth v. Walls*, 926 A.2d 957 (Pa. 2007). In sentencing each particular defendant, the sentencing court may select one or more options with regard to determining the appropriate sentence to be imposed. *Id.* The court must impose a sentence that is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). See *Walls*, 926 A.2d at 967-68; *Commonwealth v. Dodge*, 957 A.2d 1198, 1200 (Pa. Super. 2008) ("*Dodge II*"), *appeal denied*, 980 A.2d 605 (Pa. 2009).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant[.]" *Commonwealth v. Walls*, 846 A.2d 152, 157 (Pa. Super. 2004). Additionally, a court should consider the particular circumstance of the offense and the character of the defendant, and should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation. *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (citing *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. den*, 545 U.S. 1148 (2005)). The sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing are instructive and advisory, but are not binding on the

7

sentencing court. The court is obligated to consider the guidelines, but is under no duty to sentence a particular defendant within the guidelines or to impose the minimum possible confinement consistent with the guidelines. *Walls*, 926 A.2d at 575; *Dodge II*, 957 A.2d at 1201. Nonetheless, "[w]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Moury*, 992 A.2d at 171 (citing *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa. Super. 1995), *appeal denied*, 676 A.2d 1195 (Pa. 1996)).

The court determines whether aggravating circumstances exist. If aggravating circumstances are present, "the court may impose an aggravated sentence ...." 204 Pa. Code. § 303.13(a). A sentencing judge "has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range." *Commonwealth v. Stewart*, 867 A.2d 589, 593 (Pa. Super. 2005) (citation omitted). *See also Commonwealth v. Duffy*, 491 A.2d 230, 233 (Pa. Super. 1985) (holding that a sentencing judge may consider any legal factor in deciding whether a defendant should be sentenced within the aggravated range). A sentencing judge may even consider uncharged criminal conduct for sentencing purposes.

> Not only does the case law authorize a sentencing court to consider unprosecuted criminal conduct, the sentencing guidelines essentially mandate such consideration when a prior record score inadequately reflects a defendant's criminal background.

*Commonwealth v. P.L.S.*, 894 A.2d 120, 131 (Pa. Super. 2006), *appeal denied*, 906 A.2d 542 (Pa. 2006). *See also* 204 Pa. Code §303.5(d).

8

The court also determines whether the sentence imposed should run consecutively or concurrently with other sentences to which the defendant is subject. In this regard, it is well-settled that the sentencing judge has discretion to impose a sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. *See Commonwealth v. Mastromarino*, 2 A.3d 581 (Pa. Super. 2010) (and cases cited therein); *Commonwealth v. Marts, 889,* A.2d 608 (Pa. Super. 2005) (same). *See also* 42 Pa. C.S.A. §9721(a).

The sentencing judge must state his or her reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b). The judge may satisfy this requirement by stating or demonstrating at time of sentencing that the judge has been informed of the reasons by the PSI report. *Commonwealth v. Coss*, 695 A.2d 831, 834 (Pa. Super. 1997); 42 Pa.C.S.A. § 9721(b). When, as here, a PSI report exists, the law presumes that

> the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself....[Sentencing courts] are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true ... in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Devers*, 546 A.2d at 18. *See also Moury*, 992 A.2d at 171; *Commonwealth v. Fowler*, 893 A.2d 758 (Pa. Super. 2006); *Commonwealth v. Tirado*, 870 A.2d 362 (Pa. Super. 2005); *Commonwealth v. Burns*, 765 A.2d 1144, 1150-1151

9

(Pa. Super. 2000). In this regard, a sentencing judge is not required, when giving the reasons for a particular sentence, to make a specific reference to the factors set forth in the Sentencing Code that were considered in deciding the sentence, but the record as a whole must reflect that the judge in fact considered the sentencing factors. *Commonwealth v. Coulverson*, 34 A.3d 135, 145-146 (Pa. Super. 2011).

If the sentence is within the guidelines but departs from the standard range, the reasoning must include a statement as to why the sentence is in the aggravated or mitigated range. 204 Pa. Code § 303.13. *See Commonwealth v. Garcia-Rivera*, 983 A.2d 777 (Pa. Super. 2009); *Commonwealth v. Hoover*, 492 A.2d 443 (Pa. Super. 1985). Similarly, if the sentencing court imposes a sentence outside of the guidelines, it must provide a sufficient statement of its reasons for the deviation, and its failure to do so may constitute grounds for resentencing. *Walls*, 926 A.2d at 963. *See Commonwealth v. Warren*, 84 A.3d 1092 (Pa. Super. 2014); 42 Pa.C.S. § 9721; 204 Pa. Code § 303.1.

While a sentencing judge may satisfy the requirement to state reasons for the sentence given in a variety of ways, the reasons must be articulated at the time sentence is imposed and may not be supplied later in an appeal opinion issued in accordance with Pa. R.A.P. 1925(a). *See Commonwealth v. Giles*, 449 A.2d 641 (Pa. Super. 1982) (and cases cited therein). Accordingly, the intent of a judge's given sentence is determined at sentencing, rather than after an appeal from the judgment of sentence has been taken. (*Id.*).

Lastly, "[t]rial judges in this Commonwealth are granted the discretion to commit convicted criminals with maximum sentences of two years or greater to the

10

Pennsylvania Department of Corrections." 42 Pa.C.S. § 9762. Notably, this discretion derives from the sentencing provisions of Chapter 97, Subchapter E, which state, in relevant part, that "[a]ll persons sentenced to a total or partial confinement for ... maximum terms of two years or more but less than five years may be committed to the Bureau of Corrections for confinement or may be committed to a county prison within the jurisdiction of the court...." *Id.*

In sum, our sentencing laws establish a framework for sentencing. Within the established framework, trial courts have broad discretion in determining the range of permissible confinements that best suits the particular defendant and the circumstances surrounding the event. *See Commonwealth v. Moore*, 617 A.2d 8, 12 (Pa. Super. 1992). In order to constitute an abuse of discretion, a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion. *Commonwealth v. Miller*, 965 A.2d 276, 277 (Pa. Super. 2009) (quoting *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000)). A sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion. Finally, where the sentencing court imposes a standard-range sentence with the benefit of a PSI report, the Superior Court will not consider the sentence excessive. *Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011) (citing *Commonwealth v. Moury, supra*).

The statutory and judicial standards of review are reflective of the type of discretion vested in sentencing courts. Statutorily, the Sentencing Code prescribes a slightly different standard of appellate review for sentences that are outside the

11

guidelines as opposed to sentences that fall within guideline ranges. Sentences that fall within guideline ranges are subject the "clearly unreasonable" standard of 42 Pa. C.S.A. Section 9781(c)(2), while sentences that fall outside the guidelines are subject to the "unreasonable" standard of Section 9781(c)(3). An "unreasonable" decision from the sentencing court would be one that is " 'irrational' or 'not guided by sound judgment.' " *Walls*, 926 A.2d at 963. *See also Dodge II*, 957 A.2d at 1200; 42 Pa. C.S.A. § 9781(c)(2) and (3).

Judicially, our Supreme Court has articulated the appellate standard of review as follows:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion....[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. In more expansive terms, our Court recently offered: an abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Commonwealth v. Walls*, 926 A.2d at 961 (internal citations, quotation marks, and footnote omitted).

Challenges to the discretionary aspects of sentencing do not entitle a defendant to review as of right. In order to establish that review is warranted, the appellant must

12

demonstrate that there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. A substantial question exists only when the defendant advances a colorable argument that the sentencing judge's actions were either: 1) inconsistent with a specific provision of the Sentencing Code; or 2) contrary to the fundamental norms of the sentencing process. *See Commonwealth v. Mouzon*, 812 A.2d 617, 627-628 (Pa. 2002) (plurality); *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010), *appeal denied*, 13 A.3d 475 (Pa. 2010); *Moury*, supra; *Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000). These issues must be examined and determined on a case-by-case basis. *Commonwealth v. Marts*, 889 A.2d 608, 613 (Pa. Super. 2005).

Before reviewing the discretionary aspects of a sentencing claim, the Superior Court conducts:

> a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).… Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 909 A.2d 303 (Pa. 2006) (citations and quotation marks omitted). See also *Commonwealth v. Oree*, 911 A.2d 169 (Pa. Super. 2006), *appeal denied*, 918 A.2d 744 (Pa. 2007) (explaining challenges to discretionary aspects of sentencing must be raised in post-sentence motion or during sentencing proceedings; absent such efforts, claim is

13

waived; inclusion of discretionary aspects of sentencing claim in Pa.R.A.P. 1925(b) statement will not cure waiver).

The Superior Court has repeatedly held that allegations the trial court failed to consider particular circumstances or factors in an appellant's case do not raise a substantial question as they go to the weight accorded to various sentencing factors. *Commonwealth v. Griffin,* 65 A.3d 932, 936 (Pa. Super. 2013); *accord Commonwealth v. Cannon,* 954 A.2d 1222, 1228-29 (Pa. Super. 2008). In addition, the Superior Court has held that an argument that the trial court failed to consider certain mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for review. *Commonwealth v. Ratushny,* 17 A.3d 1269, 1273 (Pa. Super. 2011); *accord Commonwealth v. Moury, supra. See also Commonwealth v. Downing,* 990 A.2d 788 (Pa. Super. 2010); *Commonwealth v. Matrioni,* 923 A.2d 444 (Pa. Super. 2007); *Commonwealth v. Pass,* 914 A.2d 442 (Pa. Super. 2006).

Additionally, it is now well-settled that the imposition of consecutive, rather than concurrent, sentences generally does not raise a substantial question. Such a claim may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh and *prima facie* appears excessive considering the criminal conduct that occurred in the case, the nature of the crimes, and the length of imprisonment. See *Commonwealth v. Dodge,* 77 A.3d 1263 (Pa. Super. 2013) ("*Dodge III*") (and cases cited therein), *appeal denied,* 91 A.3d 161 (Pa. 2014); *Commonwealth v. Mastromarino, supra* (same); *Commonwealth v. Moury, supra* (same). As the Superior Court stated in *Dodge III*:

> To make it clear, a defendant may raise a substantial
> question where he receives consecutive sentences within

14

the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Dodge III*, 77 A.3d at 1270 (emphasis in original; citations and footnote omitted).

Application of these rules, standards, and guidelines to the facts of this case demonstrates that Defendant's sentencing challenge does not hold water.

Initially, we do not believe Defendant has raised the requisite substantial question. His challenge reduces to an assertion that his sentence is "excessive" or "too long." Under the cases cited above, such a challenge does not satisfy the substantial question threshold.

Alternatively, Defendant's sentencing challenge is meritless. His basic argument is that we erred and abused our discretion by imposing a state rather than a county sentence. Our on-the-record statements are sufficient to explain the reasons for the aggravated sentence we imposed, to demonstrate that we complied with applicable sentencing laws and regulations, and to show that in sentencing Defendant, we acted well within our discretion. The issues that Defendant seeks to raise on appeal are adequately, properly, and fully addressed by the reasoning and rational we articulated on the record during the sentencing hearing.

In summary, we considered

> the plea that [Defendant] took before [us], the Court's record and file, the pre-sentence investigation report that was prepared in this case that lists quite a few things; you know things that are favorable to [Defendant], things that are unfavorable to [Defendant] including the misconducts and making drugs or attempting to make drugs in the Monroe County Correctional Facility.

15

(N.T., 11/14/2016, p. 9). We pointed out that Defendant's prior record score did not adequately reflect his criminal background. Specifically, while Defendant had a calculated prior record score of zero for sentencing purposes, he nonetheless had a criminal history that consisted of eight arrests with three convictions, two pending cases, and the pending ARD violation in Northampton County. Further, we articulated the aggravating factors, undisputed by Defendant, which formed the basis for the aggravated range sentence. In concise summary, we found that Defendant's commission of these crimes while on ARD supervision and the disciplinary infractions he racked up at the Monroe County Correctional Facility, especially the major drug making infraction, were aggravating circumstances. (*Id.* at 9-11; PSI Report).

Lastly, and very significantly, we noted that Defendant has an extensive substance abuse history. We imposed a state sentence in large measure because we believed that Defendant's rehabilitative prospects in a county correctional system were zero. This was not a subjective determination but, rather, an objective one based on Defendant's severe drug addiction to multiple drugs, his two prior unsuccessful community-based attempts to treat his addiction, his prior DUI, his personal and criminal history, and his sad but undoubtedly accurate introspection that his actions had cost him both his home and his family support base. We stated,

> that between what happened in Northampton County and here and the prior record ... there's [no] semblance of hope that [Defendant was] going to be able to be treated in the community. It does not appear that the county correctional system has had any impact on [Defendant] or that [he is] willing to follow its rules.

16

(N.T., 11/14/2016, 9-11; PSI Report). Simply, we believed at the time and reaffirm our belief now that the state correctional system has the resources needed and is better equipped to rehabilitate Defendant and treat his extreme addiction. In fact, this was the very reason why, prior to imposing sentence, we explored whether Defendant would be a good candidate for SIP and indicated that we would be amenable to sentencing him to the program, even on reconsideration, if the attorneys could marshal all of his court matters.

Simply, if Defendant's challenge will be reviewed on appeal, the reasons stated on-the-record provide ample support for the sentence imposed. Under the facts and circumstances of this case, and given Defendant's history, our decision to impose a state sentence was neither "clearly unreasonable" nor an abuse of discretion or an error of law.

For these reasons, we believe that the judgment of sentence should be affirmed.

BY THE COURT:

DATE: 2/1/2017

Jonathan Mark,                                    J.

Cc:     PA Superior Court
        Jonathan Mark, J.
        District Attorney (CP)
        Public Defender (FC)

2017 FEB 1 PM 1 34
MONROE COUNTY, PA
CLERK OF COURTS

17