J-S66032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RITA MARIE BUGNA, | |
| Appellant | No. 381 WDA 2017 |

Appeal from the Judgment of Sentence January 30, 2017
in the Court of Common Pleas of Venango County
Criminal Division at No.: CP-61-CR-0000287-2016

BEFORE:  BENDER, P.J.E., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 29, 2017**

Appellant, Rita Marie Bugna, appeals from the judgment of sentence imposed following her entry of a negotiated guilty plea to one count of criminal use of a communication facility.[1]  We affirm.

We take the relevant facts and procedural history of this case from our independent review of the certified record.  On September 22, 2016, Appellant pled guilty to the above-mentioned offense, and in exchange, the Commonwealth recommended a standard-range sentence[2] and *nol prossed*

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 7512(a).

[2] The standard-range minimum sentence for Appellant's offense ranged from twelve to eighteen months.  (**See** Trial Court Opinion, 5/01/17, at 5; **see also** N.T. Sentencing, 1/20/17, at 16).

the remaining charges against her.[3]   The charges stem from Appellant's participation in various drug transactions in Venango County from May 2015 through April 2016.   The trial court ordered preparation of a pre-sentence investigation report (PSI).

On January 30, 2017, the trial court sentenced Appellant to a term of not less than eighteen nor more than thirty-six months in a state correctional institution, a sentence in the standard range.   Appellant filed a timely motion to modify sentence on February 6, 2017, raising one issue challenging the place of confinement, requesting modification of her sentence to county confinement, to allow for visitation with her gravely ill father.  (*See* Motion to Modify Sentence, 2/06/17, at unnumbered pages 1-2 ¶¶ 5-6).   The court denied the motion by order entered February 8, 2017. This timely appeal followed.[4]

Appellant raises the following issues for our review:

> 1. Did the [trial court err] in considering evidence not on the record when sentencing the Appellant to the highest end of the standard range of the sentencing guidelines?
>
> 2. Did the [trial court] abuse its discretion in sentencing the Appellant to imprisonment in a State Institution of the

---

[3] The *nol prossed* charges were one count each of delivery of a controlled substance and criminal conspiracy to do the same, 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 903(a)(1), respectively.

[4] Appellant filed a timely, court-ordered concise statement of errors complained of on appeal on March 27, 2017.  The trial court filed an opinion on May 1, 2017.  *See* Pa.R.A.P. 1925.

> Department of Corrections when incarceration in the Venango County Jail was possible?

(Appellant's Brief, at 2).[5]

Both of Appellant's issues challenge the discretionary aspects of her sentence. "[I]t is well-settled that [t]he right to appeal a discretionary aspect of sentence is not absolute." ***Commonwealth v. Barnes***, 167 A.3d 110, 122 (Pa. Super. 2017) (*en banc*) (citation and internal quotation mark omitted).

> An appellant challenging the discretionary aspects of [her] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** (case citations omitted).

Here, Appellant met the first requirement by filing timely notice of appeal. However, she failed to preserve her first issue, that the court improperly considered certain evidence in formulating its sentence, (***see***

---

[5] The Commonwealth submitted to this Court a letter in lieu of a brief, stating that the judgment of sentence should be affirmed for the reasons set forth in the trial court's Rule 1925(a) opinion. (***See*** Commonwealth's Letter, 9/07/17).

Appellant's Brief, at 2, 7-9), at sentencing or in her post-sentence motion. Therefore, her first issue is waived. ***See Barnes***, ***supra*** at 122; ***see also Commonwealth v. Evans***, 901 A.2d 528, 533–34 (Pa. Super. 2006), *appeal denied*, 909 A.2d 303 (Pa. 2006) ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.") (citation omitted).[6]

Appellant next challenges the trial court's sentence of confinement in a state correctional institution, instead of in the county facility. (***See*** Appellant's Brief, at 9-11). She argues that her sentence is excessive and that county incarceration is warranted because of the extenuating circumstance of her father's poor health. (***See id.*** at 10).

As noted, Appellant timely appealed and preserved this issue in her motion to modify sentence, thereby meeting the first two criteria necessary to invoke our jurisdiction. ***See Barnes***, ***supra*** at 122. Although Appellant did not comply with the third requirement because her brief fails to include a

---

[6] The trial court found that Appellant waived this issue for her failure to identify what evidence the court allegedly improperly relied on in her Rule 1925(b) statement. (***See*** Trial Ct. Op., at 2; Rule 1925(b) Statement, 3/27/17, at ¶ 1). We agree, and conclude Appellant's claim is waived on this basis as well. ***See Commonwealth v. Weimer***, 167 A.3d 78, 91 (Pa. Super. 2017) ("When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues[,]" resulting in waiver of the claims on appeal.) (citation omitted).

Pa.R.A.P. 2119(f) statement, we will not find her claim waived because the Commonwealth has not objected to this defect. *See Commonwealth v. Brougher*, 978 A.2d 373, 375 (Pa. Super. 2009) (declining to find waiver where Commonwealth did not object to absence of Rule 2119(f) statement). With respect to the fourth requirement, this Court has found an appellant's claim that the trial court abused its discretion by ordering confinement in a state correctional institution rather than in a county facility raises a substantial question. *See Commonwealth v. Fullin*, 892 A.2d 843, 850 (Pa. Super. 2006). "This Court has [also] held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa. Super. 2015) (citations omitted). Therefore, we will review Appellant's claim on the merits.

> We review a sentencing court's determination for an abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Ventura*, 975 A.2d 1128, 1133-34 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citations omitted).

Section 9762 of the Sentencing Code addresses where a convicted defendant will serve a sentence of imprisonment, based on the maximum

term of confinement. **See** 42 Pa.C.S.A. § 9762. Subsection (b) states, in relevant part:

> (1) Maximum terms of five or more years shall be committed to the Department of Corrections for confinement.
>
> (2) Maximum terms of two years or more but less than five years **shall be committed** to the Department of Corrections for confinement, except upon a finding of **all** of the following:
>
>> (i) The chief administrator of the county prison, or the administrator's designee, has certified that the county prison is available for the commitment of persons sentenced to maximum terms of two or more years but less than five years.
>>
>> (ii) The attorney for the Commonwealth has consented to the confinement of the person in the county prison.
>>
>> (iii) The sentencing court has approved the confinement of the person in the county prison within the jurisdiction of the court.
>
> (3) Maximum terms of less than two years shall be committed to a county prison within the jurisdiction of the court.

42 Pa.C.S.A. § 9762(b)(1)-(3) (emphases added).

Here, as noted, the terms of Appellant's plea agreement provided for a standard-range sentence, with the minimum range calculated at twelve to eighteen months. (**See** N.T. Sentencing, at 16; Trial Ct. Op., at 5). Thus, we agree with the trial court that imposition of a county sentence with a minimum term of less than twelve months would have been below the standard range and inconsistent with the plea agreement. (**See** Trial Ct. Op., at 5); 42 Pa.C.S.A. § 9756(b)(1) ("The court shall impose a minimum

sentence of confinement which shall not exceed one-half of the maximum sentence imposed."); 42 Pa.C.S.A. § 9762(b)(3). The plea agreement clearly contemplated a minimum term of incarceration of at least twelve months, a maximum term of at least two years, and incarceration in a state facility. *See* 42 Pa.C.S.A. §§ 9756(b)(1), 9762(b)(2).

Consistent with the plea agreement, the trial court imposed a sentence of not less than eighteen months, with a maximum term of thirty-six months (three years). Thus, Appellant was required to serve the sentence in a state correctional facility unless all factors set forth in section 9762(b)(2) were met. *See* 42 Pa.C.S.A. § 9762(b)(2)(i)-(iii). A review of the record indicates that none of these criteria were satisfied.

Specifically, at the sentencing hearing, Appellant requested confinement in the county facility, explaining that this would enable visitation with her critically ill father. (*See* N.T. Sentencing, at 18-19). However, the Commonwealth did not consent to Appellant's confinement in the county facility, and expressly asked for imprisonment in a state correctional institution. (*See id.* at 17). Prior to imposing sentence, the trial court stated that it had considered the PSI report,[7] the applicable

_____

[7] "Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations[.]" *Ventura*, *supra* at 1135 (citation omitted).

sentencing guidelines, Appellant's family history, the circumstances of the offense, and all other relevant factors, and it imposed a standard-range sentence in accordance with the plea agreement. (**See id.** at 19-20).

Upon review, we conclude that the trial court's decision to commit Appellant to a state correctional institution, rather than a county facility, did not constitute an abuse of discretion. **See Ventura**, **supra** at 1133; 42 Pa.C.S.A. § 9762(b)(2). Our review of the sentencing proceeding reveals that the trial court thoroughly considered Appellant's background and family circumstances in determining the length of her sentence and the appropriate place of confinement. Therefore, Appellant's second issue merits no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/29/2017