J-S64019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DINO DAGOSTINO :
:
Appellant : No. 1895 EDA 2017

Appeal from the Judgment of Sentence May 18, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006001-2016,
CP-51-CR-0008114-2016, CP-51-CR-0009105-2012,
CP-51-CR-0013426-2012

BEFORE: BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.: **FILED DECEMBER 13, 2018**

Appellant, Dino Dagostino, appeals from the judgment of sentence entered on May 18, 2017 in the Criminal Division of the Court of Common Pleas of Philadelphia County. We affirm.

Briefly, the facts and procedural history in this case are as follows. Between 2012 and 2016, Appellant was arrested and charged with offenses at four trial court dockets. The charges arose from sexual assaults Appellant perpetrated against his young step-daughters, G.C. and A.B., and their childhood friend, S.T. At the conclusion of trial on March 8, 2017, a jury found Appellant guilty of rape and related offenses. On May 16, 2017, the trial court sentenced Appellant to an aggregate term of 27 to 64 years' confinement, followed by 15 years' state supervised probation.

On May 26, 2017, Appellant filed post-sentence motions, which the trial court denied on June 8, 2017.  A notice of appeal followed on June 14, 2017.[1] Pursuant to the trial court's Rule 1925(b) order, Appellant filed his concise statement of errors complained of on appeal on July 7, 2017.  Appellant filed a supplemental concise statement on November 15, 2017.  The trial court issued its Rule 1925(a) opinion on November 22, 2017.

Appellant raises the following claims in his brief:

Whether the trial court erred in sentencing Appellant to 27 to 64 years of confinement despite his lack of a criminal record and mitigation [evidence] presented at the sentencing hearing[?]

Did the trial court err when it:

---

[1] We note that the trial court imposed judgment of sentence upon Appellant on May 18, 2017 at four separate docket numbers.  Counsel for Appellant filed a post-sentence motion at each docket number, listing all four docket numbers.  On June 8, 2017, the trial court denied the post-sentence motions. On June 14, 2017, counsel for Appellant filed a single notice of appeal listing all four docket numbers.

On June 1, 2018, the Supreme Court of Pennsylvania decided *Commonwealth v. Walker,* 185 A.3d 969 (Pa. 2018) in which the Court addressed the issue of filing separate notices of appeal when a single order resolves issues arising in more than one trial court docketed case.  The Court noted that Pa.R.A.P. 341 provides that separate notices of appeal should be filed in such instances.  However, the Court went on to hold, "While we do not quash the present appeal in this instance, in future cases Rule 341(a) will, in accordance with its official note, require that when a single order resolves issues arising on more than one lower court docket, separate notices must be filed.  The failure to do so will result in quashal of the appeal." *Id.* at 977 (footnote omitted).  The Court provided that this holding was to be applied prospectively.  *Id.* at 971.  Therefore, even though Appellant filed a single notice of appeal with four separate docket numbers, we will not quash this appeal as the notice was filed before the *Walker* case was decided.

- denied Appellant's request for a mistrial when, during closing arguments, the prosecutor told the jury that Appellant was never subjected to cross-examination when he pled not guilty to the instant charges;

- overruled defense counsel's objection to the prosecutor's closing argument asserting that every day in the courthouse reasonable doubt is appropriately defined and jurors find defendants guilty after hearing the evidence;

- overruled defense counsel's objection to the prosecutor's closing argument that the complaining witnesses are not going to lie about being raped[?]

Appellant's Brief at 4 (order of claims altered to facilitate ease of discussion).

In his first claim, Appellant asserts that the trial court abused its discretion by imposing an excessive sentence without considering Appellant's individual history, including his lack of a prior criminal record. Appellant's challenge to the discretionary aspects of his sentence is not automatically subject to appellate review. **See Commonwealth v. Antidormi**, 84 A.3d 736, 759 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014). Before we may reach the merits of such a claim, we must engage in an analysis to determine, *inter alia*, whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence. **See** Pa.R.A.P. 2119(f); **see also Antidormi**, 84 A.3d at 759 (describing four prerequisites to substantive review of discretionary sentencing challenge). "[C]laims relating to the discretionary aspects of a sentence are waived if an appellant does not include a Pa.R.A.P. 2119(f) statement in his brief and the [Commonwealth] objects to the statement's absence." **Commonwealth v. Brougher**, 978 A.2d 373, 375

(Pa. Super. 2009), *citing* **Commonwealth v. Foster**, 960 A.2d 160, 163 (Pa. Super. 2008). Here, Appellant failed to comply with the requirement of 2119(f) and the Commonwealth has objected to the exclusion of the required statement. **See** Commonwealth's Brief at 12. Therefore, we will not review the merits of Appellant's discretionary sentencing challenge.

Appellant's second issue raises three distinct claims of prosecutorial misconduct during closing arguments in support of his request that we vacate the judgment of sentence and remand for a new trial. Specifically, Appellant asserts that the Commonwealth, in its closing, made improper reference to Appellant's silence at trial, improperly commented upon the reasonable doubt standard, and improperly bolstered the credibility of the victims. **See** Appellant's Brief at 11-13. We address these claims in their order of appearance, first discussing matters of preservation and waiver and then substantive merit. Ultimately, we conclude that no relief is due.

> The following standards apply to our review of a trial court's denial of a motion for a mistrial:

>> The trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial. In making its determination, the court must discern whether misconduct or prejudicial error actually occurred, and if so, ... assess the degree of any resulting prejudice. Our review of the resulting order is constrained to determining whether the court abused its discretion. Judicial discretion requires action in conformity with [the] law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

*Commonwealth v. Judy*, 978 A.2d 1015, 1019 (Pa. Super. 2009) (*quoting* *Commonwealth v. Lettau*, 955 A.2d 360, 363 (Pa. Super. 2008) (internal citations and quotations omitted)). "The remedy of a mistrial is an extreme remedy required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial tribunal." *Judy*, 978 A.2d at 1019 (citations omitted).

With regard to a claim of prosecutorial misconduct in a closing statement, it is well settled that:

> The prosecutor is allowed to vigorously argue his case so long as his comments are supported by the evidence or constitute legitimate inferences arising from that evidence. In considering a claim of prosecutorial misconduct, our inquiry is centered on whether the defendant was deprived of a fair trial, not deprived of a perfect one. Thus, a prosecutor's remarks do not constitute reversible error unless their unavoidable effect ... [was] to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict.

*Commonwealth v. Smith*, 985 A.2d 886, 907 (Pa. 2009) (*quoting* *Commonwealth v. Washington*, 700 A.2d 400, 407-408 (Pa. 1997)) (quotation marks omitted). Further, the propriety of the prosecution's remarks in closing argument must be evaluated in light of defense counsel's comments in closing:

> In determining whether the prosecutor engaged in misconduct, we must keep in mind that comments made by a prosecutor must be examined within the context of defense counsel's conduct. It is well settled that the prosecutor may fairly respond to points made in the defense closing. Moreover, prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair.

* * * * * *

> It is settled that it is improper for a prosecutor to express a personal belief as to the credibility of the defendant or other witnesses. However, the prosecutor may comment on the

credibility of witnesses. Further, a prosecutor is allowed to respond to defense arguments with logical force and vigor. If defense counsel has attacked the credibility of witnesses in closing, the prosecutor may present argument addressing the witnesses' credibility.

*Commonwealth v. Chmiel*, 889 A.2d 501, 544 (Pa. 2005) (internal citations and quotations omitted).

*Commonwealth v. Ragland*, 991 A.2d 336, 340-341 (Pa. Super. 2010), *appeal denied*, 4 A.3d 1053 (Pa. 2010).

In his initial claim of prosecutorial misconduct, Appellant asserts that the Commonwealth improperly referred to Appellant's silence in electing not to testify at trial. Appellant placed a contemporaneous objection to the prosecution's comment on the record but did not request a mistrial until the prosecutor concluded her remarks. Arguably, defense counsel's delay waived this claim. *See* Pa.R.Crim.P. 605 ("When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed.").

Even if this claim is not waived, we conclude that Appellant is not entitled to relief. During closing argument, defense counsel referred the jury to Appellant's declaration that he was not guilty of the charged offenses. In response, the prosecutor reminded the jury that Appellant's declaration was not evidence, adding that Appellant's declaration was not subjected to cross-examination. When read in context, the prosecutor's comment was a fair retort to the argument raised by defense counsel.

Our Supreme Court dealt with a substantially similar issue in **Commonwealth v. Trivigno**, 750 A.2d 243 (Pa. 2000). In that case, defense counsel suggested to the jury that his client's testimony was unnecessary because he pled not guilty. In response, the prosecutor reminded the jurors that no such testimony had been presented at trial. The Supreme Court concluded that the prosecutor's comment was a fair response to the closing argument made by defense counsel. **Id**. at 250. Appellant seeks to distinguish **Trivigno** on grounds that the prosecutor in this case noted that Appellant's declaration was not subject to cross-examination. Contrary to Appellant's contention, however, we conclude that the prosecutor's comment regarding cross-examination was simply a further explanation to the jury as to why Appellant's declaration should not be treated like other testimony or evidence offered during trial. As such, Appellant is not entitled to relief on this claim.

In his second claim of prosecutorial misconduct, Appellant asserts that the prosecution improperly diluted the reasonable doubt standard by telling the jurors that juries find defendants guilty "everyday" despite accurate instructions regarding reasonable doubt. Here too, Appellant arguably waived this ground for relief by failing to articulate a contemporaneous request for a mistrial. In any event, no relief is due on this claim. When read in context, the prosecutor's comment simply sought to explain to the jury that reasonable doubt is a high, but not insurmountable, burden. The prosecutor did not advise the jury to overlook the standard or offer an inaccurate formulation of

the governing decisional principle. Because the prosecutor's comment did not conjure an adverse bias against Appellant or deprive him of a fair trial, we conclude that this claim merits no relief.

In his last claim of prosecutorial misconduct, Appellant asserts that the district attorney improperly vouched for the credibility of the victims. Again, leaving aside the issue of waiver in light of Appellant's failure to cite this objection as grounds for a mistrial at the time the challenged comment was made, we conclude that this claim is devoid of merit. Throughout trial and in his closing argument, defense counsel challenged the credibility of the victims by calling into doubt the circumstances of their complaints, noting their delay in reporting Appellant's abuse, and highlighting possible motivations for their fabrication of testimony. As such, the prosecutor's comment that the victims "would not lie" about the sexual assaults was a fair response to arguments raised by defense counsel. The comments, when read in context, did not purport to place the prestige of government office behind the witnesses but simply asked the jury to consider the entire setting in which the victims offered their testimony, including the difficulty of relaying the subject matter in a public courtroom and the minimal benefit of leveling accusations against a family member. In sum, Appellant's final claim of prosecutorial misconduct is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/13/18</u>