J-S26043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM NICHOLAS BOHN | : | |
| | : | |
| Appellant | : | No. 147 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 12, 2021
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-CR-0000046-2021,
CP-50-CR-0000048-2021, CP-50-CR-0000049-2021

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:      **FILED: SEPTEMBER 22, 2022**

Appellant, Adam Bohn, appeals from the judgment of sentence entered by the Court of Common Pleas of Perry County after Appellant pleaded guilty in each of the three separately docketed cases captioned above.  Herein, Appellant raises a challenge to the discretionary aspects of his sentence.  We affirm.

On October 12, 2021, Appellant was sentenced at the three trial court docket numbers.  Specifically, the trial court sentenced him to six to 15 years of incarceration on one count of Criminal Attempt Robbery, 11 to 24 months' incarceration on one count of Unauthorized Use of a Motor Vehicle, and one to two years' incarceration on one count of Simple Assault.  The court elected to run the three sentences concurrently to one another, but consecutively to

---

[*] Former Justice specially assigned to the Superior Court.

any existing sentence he was then serving. At the time, Appellant was serving an aggregate sentence of seven and one-half to 15 years' incarceration. No post-sentence motion or timely notice of appeal was filed on Appellant's behalf.

On December 15, 2021, Appellant's counsel filed a motion to appeal *nunc pro tunc*, which the trial court granted that same day. On January 12, 2022, Appellant's counsel timely filed a notice of appeal. The notice, however, failed to comply with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), wherein the Pennsylvania Supreme Court held that, as of June 1, 2018, appellants are required to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket. Here, counsel filed a single notice of appeal that lists three trial court docket numbers.

While a **Walker** violation may result in quashal of an appeal, there are exceptions to the rule. In **Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019), this Court concluded that a breakdown in the courts occurs when a lower court advises a petitioner that he could pursue review by filing a single notice of appeal, even though the order disposed of petitions pending at two separate docket numbers. **See also Commonwealth v. Larkin**, 235 A.3d 350, 352-54 (Pa. Super. 2020) (*en banc*) (reaffirming **Stansbury**).

Here, in its December 15, 2021, order granting Appellant leave to appeal *nunc pro tunc*, the trial court stated that Appellant would have no more than 30 days "to file his *Notice* of Appeal." Trial Court Order, 12/15/21 (emphasis added). Because the trial court's order referenced a single notice of appeal,

we find the exception to a *Walker* violation noted in *Stansbury*/*Larkin* applies such that quashal does not pertain.

Appellant presents one question for this Court's consideration:

Whether or not Appellant's sentences should have run concurrently to existing out of county sentences or not [sic]?

Brief for Appellant at 7.

A challenge to the imposition of consecutive sentences implicates the discretionary aspects of one's sentence. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013) (considering challenge to imposition of consecutive sentences as claim involving discretionary aspects of sentencing). "There is no absolute right to appeal when challenging the discretionary aspect of a sentence. *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010).

In order to challenge the discretionary aspects of his sentence, Appellant must invoke this Court's jurisdiction by satisfying a four-part test. *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010). In *Moury*, we explained:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citation omitted).

Here, Appellant failed to raise the present discretionary aspects challenge at his sentencing hearing, nor did he file a post-sentence motion. For this reason, alone, Appellant has waived his claim. ***See*** Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal); ***see also Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (holding that issues challenging the discretionary aspects of a sentence must be raised at sentencing or in a post-sentence motion or they are waived).

Even if Appellant had preserved his issue by raising it first with the trial court, waiver would still apply because he also failed to include a Rule 2119(f) statement in his brief and the Commonwealth has objected to its omission. Pennsylvania Rule of Appellate Procedure 2119(f) directs that

> [a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f).

"[C]laims relating to the discretionary aspects of a sentence are waived if an appellant does not include a Pa.R.A.P. 2119(f) statement in his brief and the opposing party objects to the statement's absence." ***Commonwealth v. Brougher,*** 978 A.2d 373, 375 (Pa. Super. 2009) (citation omitted); ***see also Commonwealth v. Karns***, 50 A.3d 158, 166 (Pa. Super. 2012) (holding that

if an appellant fails to include a discretionary sentencing issue in his Rule 2119(f) statement and the Commonwealth objects, the issue is waived and this Court may not address it).  Here, the Commonwealth has objected to the absence of a Rule 2119(f) statement in Appellant's brief, which would preclude us from reviewing Appellant's issue even if he had first preserved it with the trial court.

Finally, even had Appellant preserved his issue by raising it in both a post-sentence motion and a Rule 2119(f) statement, we would have found it failed to present a substantial question as to its appropriateness under the Sentencing Code.

To obtain review of discretionary aspects of a sentence, the appellant must raise a substantial question that the sentence violates either the Sentencing Code or any fundamental sentencing norm.  ***Commonwealth v. Banks***, 198 A.3d 391, 401 (Pa. Super. 2018). We make the substantial-question determination based on the contents of the Rule 2119(f) statement.  ***Commonwealth v. Mouzon***, 812 A.2d 617, 621-22 (Pa. 2002). Only if the appellant has raised a substantial question may we turn to the merits of the sentencing claims.  ***See id***.

It is well established that under 42 Pa.C.S. § 9721, the trial court has discretion to impose its sentences consecutively or concurrently to other sentences being imposed at the same time or to sentences already imposed.  ***See*** 42 Pa.C.S. § 9721(a).  Although a bald claim of excessiveness

due to consecutive sentences does not raise a substantial question, a claim the imposition is unreasonable, with explanation of the facts and circumstances, raises a substantial question. **Commonwealth v. Dodge**, 77 A.3d 1263, 1270 (Pa. Super. 2017).

Assuming, *arguendo*, that Appellant adequately developed his claim in this regard, we discern from the record that the trial court reasonably ran Appellant's concurrently-run, standard range aggregate sentence of six to 15 years consecutively to his existing sentence of 7 ½ to 15 years' incarceration. Unlike in **Dodge**, a decision to which Appellant cites, if not discusses, in his brief, the trial court in the present matter did not impose the functional equivalent of a life sentence through consecutively-run, standard guideline range sentences on non-violent offenses. Rather, the result here was an aggregate sentence of 13½ to 31 years for multiple violent offenses.

As noted by the trial court, Appellant already had an extensive history of violent crime including aggravated assault and stalking. Among the offenses to which Appellant pleaded guilty in the present matter were additional crimes of violence, namely, simple assault and criminal attempt robbery.

Also, the trial court had the benefit of a pre-sentence investigation report prior to imposing sentence. "When a sentencing court has reviewed a pe-sentence investigation report, we presume that the court properly

considered and weighed all relevant factors in fashioning the defendant's sentence." ***Commonwealth v. Baker***, 72 A.3d 652, 663 (Pa. Super. 2013).

Accordingly, our review of the record, party briefs, trial court opinion, and relevant authority uncovers no reason to disturb the trial court's discretion in imposing sentence. ***See Crump***, ***supra*** ("Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/22/2022